FILED

2003 OCT 29 A 11: 18

US DISTRICT COURT
HARTFORD CT

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| FELIPE MULERO : | |
| Plaintiff : | |
| : | Case No. 3:02CV932 (CFD) |
| v. : | |
| : | |
| ONE CONSOLIDATED SCHOOL : | |
| DISTRICT OF NEW BRITAIN, CT : | |
| Defendant : | October 28, 2003 |

**MEMORANDUM OF LAW IN SUPPORT OF**
**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

I.  **BACKGROUND**

This Amended Complaint is set in two counts. Count One is based on Title VII of the Civil Rights Act of 1964. The plaintiff alleges that "the defendant discriminated against him in employment on the grounds of having retaliated against him for having previously filed complaints of employment discrimination; national origin: Puerto Rico." Amended Complaint dated April 28, 2003, Count One, Paragraph One. Count Two is based on related state law claims.

II. **STANDARD OF REVIEW**

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). In considering a motion for summary judgment, the court's responsibility is not to resolve disputed issues of fact but to assess whether there are any factual issues to be tried, while resolving ambiguities and drawing reasonable inferences against the moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50, 106 S.Ct. 2505 (1986). The standard under Rule 56 "mirrors" that "for a directed verdict under . . . Rule 50(a), which is that the trial judge must direct a verdict if, under the governing law, there can be but one conclusion as to the verdict." Id. at 250 (citations omitted).

The summary judgment procedure is not a disfavored procedural shortcut, but an integral part of the Federal Rules

as a whole. Celotex Corp. v. Catrett, 477 U.S. 317, 327, 106 S.Ct. 2548 (1986). Rule 56 must be construed with due regard not only for the rights of persons asserting claims and defenses tried to a jury, but also for the rights of persons opposing such claims and defenses to demonstrate in the manner provided by the Rule, prior to trial, that the claims and defenses have no factual basis. Id. "[I]f the factual context renders respondents' claim implausible . . . respondents must come forward with more persuasive evidence to support their claim than would otherwise be necessary." Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S.Ct. 1348 (1986). A party opposing summary judgment may rely upon any of the evidentiary materials listed in Rule 56(c), except the mere pleadings themselves. Fed. R. Civ. P. 56(e); Celotex Corp., 477 U.S. at 324. Rather than resting upon "mere conclusory allegations or denials as a vehicle for obtaining a trial," the non-moving party "must bring to the district court's attention some affirmative indication that his version of relevant events is not fanciful." Quinn v. Syracuse Model Neighborhood Corp., 613 F.2d 438, 445 (2d Cir. 1980).

-3-

A mere scintilla of evidence is not enough to create a fact issue; there must be evidence on which a jury might reasonably find for the plaintiff. <u>Anderson</u>, 477 U.S. at 252. In the absence of such a minimal showing, a defendant should not be required to undergo the considerable expense of preparing for and participating in a trial. <u>Evans v. Bally's Health and Tennis, Inc.</u>, 1994 WL 121479 (D. Md. 1994). In order to proceed to trial, a genuine issue of fact must be presented. "When a moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." <u>Matsushita</u>, 475 U.S. at 586. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" <u>Id.</u>

III. **ARGUMENT**

   **THE DEFENDANT IS ENTITLED TO SUMMARY JUDGMENT AS THIS MATTER IS TIME BARRED PURSUANT TO CONNECTICUT GENERAL STATUTES SECTION 46a-101(e) AND 42 USC 2000e5(f)(1).**

   Connecticut General Statutes Section 46a-101(e) states: "[A]ny action brought by the complainant in accordance with

section 46a-100 [Discriminatory employment practices. Cause of action upon release from commission] shall be brought within ninety days of the receipt of the release of the commission."

The Commission on Human Rights and Opportunities Release of Jurisdiction letter was issued on November 28, 2001. (See Exhibit A.) The Release of Jurisdiction letter specifically stated:

> **The Complainant must bring an action in Superior Court within ninety (90) days of receipt of this release and within two (2) years of the date of filing the complaint with the commission.**

Under 42 U.S.C. Section 2000e-5(f)(1), a complainant has ninety days in which to file suit after receipt of an EEOC right to sue letter. The Equal Employment Opportunity Commission Dismissal and Notice of Rights letter was issued in March, 2002. (See Exhibit B.) The EEOC - Notice of Suit Rights - specifically stated:

> **Title VII, the Americans with Disabilities Act, and/or the Age Discrimination In Employment Act: This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed WITHIN 90 DAYS of your receipt of this Notice; otherwise, your right to sue based on this charge will be lost.**

The plaintiff had the complaint served on the defendant on May 27, 2003. (See Exhibit C.) Since plaintiff has failed to file the action within the 90 day period of the CHRO Release of Jurisdiction letter or the EEOC Notice of Rights Letter, this matter is time barred and thus summary judgment in favor of the defendant is appropriate in the entire matter.

IV. **CONCLUSION**

Based upon the foregoing, Defendant's Motion for Summary Judgment should be granted in its entirety.

> DEFENDANT, ONE CONSOLIDATED SCHOOL
> DISTRICT OF NEW BRITAIN, CT
>
> By Office of Corporation Counsel
>
> Irena J. Urbaniak
> Attorney for Defendant
> Office of Corporation Counsel
> City of New Britain
> 27 West Main Street
> New Britain, Connecticut 06051
> Tel. (203) 826-3420
> Federal Bar Number ct01322

CERTIFICATION

I hereby certify that on October 28, 2003, a copy of the above was mailed to the pro se plaintiff:

Felipe Mulero
55 East Cedar Street
Newington, Connecticut 06111

_____
Irena J. Urbaniak
Attorney at Law



State of Connecticut
COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES
1229 Albany Avenue, Hartford, CT 06112  (860) 566-7710  Fax (860) 566-1997
www.state.ct.us/chro
TDD (860) 566-7710

Certified Mail 7099 3400 0018 3022 6035

November 28, 2001

Felipe Mulero
55 East Cedar Street
Newington, CT 06111

Re:  Case Name:  **Felipe Mulero v. New Britain School District**
     CHRO No.:  0210031
     EEOC No.:  16aa11376

Dear Mr. Mulero:

Pursuant to Public Act 98-245, enclosed herewith is Release of Jurisdiction on the above referenced case. It authorizes you to commence a civil action against the Respondent in Superior Court, in accordance with Section 46a-100 and Sections 46a-102 to 46a-104 of Connecticut General Statutes.

The Commission will take no further action in this matter.

Sincerely,

*Epifanio Carrasquillo (pn)*
Epifanio Carrasquillo
Regional Manager

Enclosure

cc:  Mary C. Pokorski
     Associate City Attorney
     City of New Britain
     27 West Main Street
     New Britain, CT 06051

CHRO     *Safeguarding Civil Rights in Connecticut* 
Affirmative Action/ Equal Opportunity Employer

FORM 500(6)

## STATE OF CONNECTICUT
## COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES

Commission on Human
Rights and Opportunities, ex rel.
Felipe Mulero
**COMPLAINANT**

DATE: November 28, 2001

V.

New Britain School District
**RESPONDENT**

CHRO NO.: 0210031
EEOC NO.: 16aa11376

### RELEASE OF JURISDICTION

Pursuant to the provisions of Public Act 98-245, the Commission on Human Rights and Opportunities hereby releases its jurisdiction over the above numbered and captioned complaint. The complaint was dismissed pursuant to:

    A merit assessment review pursuant to Connecticut General Statutes Section 46a-83(b).

The complainant has not requested reconsideration of the dismissal.

Complainant is hereby authorized to commence a civil action in accordance with Section 46a-100, and Sections 46a-102 to 46a-104, Connecticut General Statutes inclusive, against the Respondent in the Superior Court for the judicial district in which the discriminatory practice is alleged to have occurred or in which the Respondent transacts business. If this action involves a state agency or official, it may be brought in the Superior Court for the Hartford-New Britain judicial district.

**The Complainant must bring an action in Superior Court within ninety (90) days of receipt of this release and within two (2) years of the date of filing the complaint with the Commission.** Upon commencing the Superior Court action, the Complainant, or his/her attorney, shall serve a copy of the complaint on the Commission for the purpose of providing legal notice. However, in accordance with Section 46a-101, of Connecticut General Statutes, service of the complaint on the Commission does not make it a necessary party, although, the Commission may opt to intervene.

- 2 -

The Superior Court shall have such authority as is conferred upon it by Section 46a-104 of the Connecticut General Statutes, and other laws of the State of Connecticut.

The Commission will take no further action in this matter.

*Epifanio Carrasquillo* (m)
~~Executive Director~~/Designee

Date Issued: November 28, 2001

cc: Mary C. Pokorski
    Associate City Attorney
    City of New Britain
    27 West Main Street
    New Britain, CT 06051

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

# DISMISSAL AND NOTICE OF RIGHTS

To: Felipe Mulero
55 EAST CEDAR STREET
NEWINGTON, CT 06111
Floor

From: E.E.O.C
Boston Area Office
John F. Kennedy Federal bldg. 4th
Boston, MA 02203

[ ] *On behalf of a person aggrieved whose identity is CONFIDENTIAL ( 29 C.F.R. 1601.7(a) )*

| Charge Number | EEOC Representative | Telephone Number |
|---|---|---|
| 16AA11376 | Anne Giantonio, Supv. | (617) 565-3200 |

THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.
[ ] Your allegations did not involve a disability that is covered by the Americans with Disabilities Act.
[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.
[ ] We cannot investigate your charge because it was not filed within the time limit required by law.
[ ] Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.
[ ] While reasonable efforts were made to locate you, we were not able to do so.
[ ] You had 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.
[ ] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.
[X] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.
[ ] Other *(briefly state)*_____

## - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed **WITHIN 90 DAYS** of your receipt of this Notice; otherwise, your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit based on this charge, please send a copy of your court complaint to this office.

On Behalf of the Commission

# UNITED STATES DISTRICT COURT

District of _____

Felipe Mulero

v.

One Consolidated School District of New Britain, CT

Second Summons
**SUMMONS IN A CIVIL CASE**

CASE NUMBER: 3:02CV932 (CFD)

TO: (Name and address of Defendant)

One Consolidated School
District of New Britain, CT
272 West Main Street
New Britain, CT 06040

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Felipe Mulero
55 East Cedar Street
Newington, CT 06111

an answer to the complaint which is served on you with this summons, within \_\_\_20\_\_\_ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

KEVIN E. ROWE

CLERK

(By) DEPUTY CLERK

DATE 5/27/03