UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

FELIPE MULERO          :
    Plaintiff          :
              :          Case No. 3:02CV932 (CFD)
    v.          :
              :
ONE CONSOLIDATED SCHOOL          :
DISTRICT OF NEW BRITAIN, CT          :
    Defendant          :          September 29, 2004

DEFENDANT'S NOTICE OF FILING OF
INTERROGATORIES AND REQUESTS FOR PRODUCTION

      The defendant, One Consolidated School District of New Britain, CT, in the above-captioned matter, hereby gives notice that it has served Interrogatories and Requests for Production upon the plaintiff, Felipe Mulero, by mailing same to the plaintiff to be answered by the plaintiff.

                DEFENDANT, ONE CONSOLIDATED SCHOOL
                DISTRICT OF NEW BRITAIN, CT

                _____
                Irena J. Urbaniak
                Attorney for Defendant
                Office of the Corporation Counsel
                City of New Britain
                27 West Main Street
                New Britain, Connecticut 06051
                Tel. (860) 826-3420
                Federal Bar Number ct01322

<u>CERTIFICATION</u>

I hereby certify that on September 29, 2004, a copy of the

above was mailed to the pro se plaintiff:

Felipe Mulero
55 East Cedar Street
Newington, Connecticut 06111

_____
Irena J. Urbaniak
Attorney at Law

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

FELIPE MULERO                    :
    Plaintiff               :
                       :    Case No. 3:02CV932 (CFD)
    v.                      :
                       :
ONE CONSOLIDATED SCHOOL          :
DISTRICT OF NEW BRITAIN, CT      :
    Defendant               :    September 29, 2004

<u>DEFENDANT'S INTERROGATORIES</u>

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, the defendant, One Consolidated School District of New Britain, CT, requests that the plaintiff, Felipe Mulero, answer under oath, in writing, the following interrogatories within thirty (30) days.

<u>INSTRUCTION AND DEFINITION</u>:

1.  These interrogatories shall be deemed continuing, so as to require supplemental answers if further information is obtained between the time answers are served and the time of trial.

2.  If plaintiff is not competent to answer all the interrogatories, the responses should be separately answered under oath by as many agents of the plaintiff as are necessary.

3.  As used herein, the term "document" has the meaning assigned to it by Rule 39 of the Local Civil Rules of this court.

4.  As used herein, the term "identify" or "identification" has the meaning assigned to it by Rule 39 of the Local Civil Rules of this court.

5.  As used herein, the term "you" means you, yourself, the person to whom these interrogatories are addressed or any of your agents, deputies, assignees, partners, associates or any employees, employers or organizations of which you are a member or an employee, or any person acting on your behalf.

6.  Without limitation, a document is deemed to be in your "control" if you have the right to secure the document or a copy thereof from another person or public or private entity having actual possession thereof.

7.  "Communicate" or "communication" means every manner or means of disclosure, transfer or exchange of information whether

orally or by document or whether face-to-face, by telephone, mail, personal delivery, or otherwise.

8.  The masculine shall include the neuter or feminine gender, unless the context expressly indicates otherwise; the singular includes the plural and vice versa; the present tense includes the past tense and vice versa; and "or" shall be construed either conjunctively or disjunctively to bring within the scope of these interrogatories any information which might otherwise be construed to be outside their scope.

9.  If any of the information requested in answer to the interrogatories propounded herein is available in machine-readable form (such as punch cards, paper or magnetic tapes, drums, discs, or core storage) state the form in which it is available and describe the type of computer or other machine required to read the records.  If the information requested is stored in a computer, indicate whether there is an existing program which will print the records in the form desired, or if no program exists, whether one could be written.

10.  If you do not answer any interrogatories because of a claim of privilege, set forth the privilege claimed, the facts

upon which you rely to support the claim of privilege, and identify all documents for which such privilege is claimed.

INTERROGATORIES:

1.  Identify each person who furnished any information or documents in connection with the preparation of your answers.

ANSWER:

2.  Identify all of the defendant's employees, who are either presently employed or have been employed in the past by the defendant with whom you have discussed your claims in the instant suit, and state in detail all said conversations which you have had with said persons.

ANSWER:

3.  Identify all charges or lawsuits or intents to sue which you have filed against the defendant and for each state:

a.  The caption, jurisdiction and docket number of each charge, intent to sue and lawsuit;

ANSWER:

b.  The date of filing of said claims.

ANSWER:

4.  Set forth your educational history, including:

a.  The name of each school attended beginning with high school;

ANSWER:

            b.   The dates attended; and

ANSWER:




            c.   The degrees and certificates received.

ANSWER:




    5.   Set forth your professional and employment history,

including:

            a.   The name and address of each employer or business;

ANSWER:




            b.   The dates of employment; and

ANSWER:

c.  List the job responsibilities at each place of employment.

ANSWER:

6.  Set forth all your teaching certificates, include the type of certificate, the age group and the dates of the validity of the certificate.

ANSWER:

7.  Set forth an itemization of all damages, including the manner of its computation, that represents the amount you have sustained as a result of the incident set forth in the complaint.

ANSWER:

8.  If you allege that any admissions were made by any party to this litigation set forth:

a.  The date, time and place of the admission;

ANSWER:

b.  The name and address of the persons by whom and to whom the admission was made;

ANSWER:

c.  Whether the person making the admission purported to be an employee or agent of the defendant;

ANSWER:

d.  The name and address of each person in whose presence the admission was made;

ANSWER:

e.  The content or substance of the admission; and

ANSWER:

f.  If any admission was reduced in all or any part to a writing, or is embodied in any document, attach a true copy of the writing.

ANSWER:

9.  State whether you have obtained a statement from any person not a party to this action with respect to the subject matter of this litigation, and if so, set forth:

      a.  The date on which the statement was obtained;

<u>ANSWER</u>:

      b.  The place where it was obtained;

<u>ANSWER</u>:

      c.  The name and address of the person who gave the statement;

<u>ANSWER</u>:

d.  The name and address of the person who obtained the statement;

ANSWER:

e.  A detailed statement of the substance of the document; and

ANSWER:

f.  If any statement is embodied in any document, the nature of the document and the name and address of the person who has the document.

ANSWER:

10.  Identify each document relevant to this action:

a.  Attach the copies of each document that is in your possession or control;

<u>ANSWER</u>:

b.  As to any document identified above that is not in your possession or control, identify the person or persons who have custody of the documents.

<u>ANSWER</u>:

11.  Identify each person having knowledge of any fact relevant to this action, and for each person named, state the facts known by each person and the source or basis of his or her knowledge.

<u>ANSWER</u>:

12.   For each person whom you expect to call as an expert witness at trial, set forth:

a.  His or her name, address, academic background, including colleges, universities, institutes and courses of study attended, along with the years of attendance and dates of any degrees, diplomas or certificates and the precise scope of those studies as they relate to his or her area of expertise;

ANSWER:

b.  Any special qualifications, including awards or other conferrals, and membership in professional organizations and societies as they relate to his or her area of expertise;

ANSWER:

c.  A summary of his or her experience in his or her area of expertise, including dates, places and scope of the experience;

ANSWER:

d.  All books, articles and other publications, writings, or documents of which he or she was an author, editor or contributor, along with the names of the publications or publisher and the dates and places of publication;

ANSWER:

e.  The subject matter on which the expert is expected to testify;

ANSWER:

f.   The substance of the facts and opinions as to which the expert is expected to testify;

ANSWER:

g.   A summary of the grounds for each opinion;

ANSWER:

h.   The dates on which these facts and opinions were submitted to the plaintiff;

ANSWER:

i.  The precise scope and a detailed description of the work, study and analysis performed by the expert in order to reach his or her facts and opinions;

<u>ANSWER</u>:

j.  The title, author, publisher, date of publication, place of publication and page numbers of any book, treatise, learned or professional periodical or other publication or study upon which the expert relies for any facts and opinions; and

<u>ANSWER</u>:

k.  As to any oral reports rendered by each expert, set forth the substance of each report.

<u>ANSWER</u>:

13.  If any expert witness identified in the preceding interrogatory has submitted to you or prepared any written report or document, state:

a.  The date of the report or document;

ANSWER:

b.  The subject matter of the report or document;

ANSWER:

c.  The location of the report or document.

ANSWER:

14. State the names and addresses of any other witnesses that you will call at trial which have not already been named in answers to these interrogatories.

<u>ANSWER</u>:

15. Identify and annex and all other evidence which you will offer into evidence at trial which had not already been addressed in these interrogatories.

<u>ANSWER</u>:

16. State whether you brought any other claim or action involving discrimination prior or subsequent to this one.

<u>ANSWER</u>:

17.  If so, state:

    a.  Type of action brought;

<u>ANSWER</u>:

    b.  Name of each party defendant;

<u>ANSWER</u>:

    c.  Name of each party plaintiff;

<u>ANSWER</u>:

        d.  Date each action was filed;

<u>ANSWER</u>:

        e.  Name of the tribunals or courts involved;

<u>ANSWER</u>:

        f.  The outcome of each suit or hearing;

<u>ANSWER</u>:

        g.  A summary of the allegations; and

<u>ANSWER</u>:

      h.  The place where each action was filed.

<u>ANSWER</u>:

18.  State the evidence you have which proves your allegation that the defendant discriminated against you based on your sex.

<u>ANSWER</u>:

19.  State the evidence you have which proves your allegation that the defendant discriminated against you based on your previously filed complaint of employment discrimination.

<u>ANSWER</u>:

20.  State the evidence you have which proves your allegation that the defendant discriminated against you based on your national origin of Puerto Rico.

ANSWER:

21.  State what administrative procedures and disciplinary action you are alleging in paragraph 7 of your complaint between December 1, 1999, and June 4, 2002.  Include the date of the action, type of the action and state all the individuals who were involved.

ANSWER:

22.  State how you were treated differently from other similarly situated employees.  State the names of all the other employees to whom you are referring to.

<u>ANSWER</u>:

                              DEFENDANT, ONE CONSOLIDATED SCHOOL
                              DISTRICT OF NEW BRITAIN, CT

                              By Office of Corporation Counsel


                              _____
                              Irena J. Urbaniak
                              Attorney for Defendants
                              Office of the Corporation Counsel
                              City of New Britain
                              27 West Main Street
                              New Britain, Connecticut 06051
                              Tel. (860) 826-3420
                              Federal Bar Number ct01322

<u>CERTIFICATION</u>

I hereby certify that on September 29, 2004, a copy of the

above was mailed to the pro se plaintiff:

Felipe Mulero
55 East Cedar Street
Newington, Connecticut 06111

_____

Irena J. Urbaniak
Attorney at Law

<u>PLAINTIFF'S CERTIFICATION</u>

This is to certify that I, FELIPE MULERO, plaintiff in this action, have read the foregoing answers to interrogatories and state that they are true and accurate to the best of my knowledge on this      day of                 , 2004.


_____
Felipe Mulero

STATE OF CONNECTICUT )
                     ) ss:                              , 2004.
COUNTY OF HARTFORD   )

On this      day of                , 2004, before me, personally appeared, FELIPE MULERO, who affirmed under oath the truth of the foregoing interrogatories and also acknowledged his execution of the above document.


_____
Notary Public
Commissioner of Superior Court

<u>CERTIFICATION</u>

I hereby certify that a copy of the above was mailed to all counsel of record on                 , 2004.


_____
Felipe Mulero
Pro Se
-25-

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| FELIPE MULERO | : | |
|     Plaintiff | : | |
| | : | Case No. 3:02CV932 (CFD) |
|     v. | : | |
| | : | |
| ONE CONSOLIDATED SCHOOL | : | |
| DISTRICT OF NEW BRITAIN, CT | : | |
|     Defendant | : | September 29, 2004 |

<u>DEFENDANT'S REQUEST FOR PRODUCTION</u>

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, the defendant, One Consolidated School District of New Britain, CT, requests that the plaintiff, Felipe Mulero, provide the defendant, through counsel undersigned, at the Office of the Corporation Counsel, 27 West Main Street, New Britain, Connecticut 06051, within thirty days, all written or tangible materials, including photographs, in the possession, custody or control of the plaintiff or his counsel, or to which the plaintiff or his counsel have access, which materials concern or are relevant to the subject matter of this action, including, but not limited to, the following:

1.   Provide copies of all lawsuits and notices of intent to sue which are identified in Interrogatory Numbers 3, 16 and 17.

2.   Provide copies of all teaching certificates identified in Interrogatory Number 6.

3.   Provide copies of all bills and receipts referred to in Interrogatory Number 7.

4.   Produce copies of all documents, reports and statements referred to in Interrogatory Numbers 8, 9, 10, 12, 13 and 15.

DEFENDANT, ONE CONSOLIDATED SCHOOL DISTRICT OF NEW BRITAIN, CT

By Office of Corporation Counsel

_____
Irena J. Urbaniak
Attorney for Defendant
Office of the Corporation Counsel
City of New Britain
27 West Main Street
New Britain, Connecticut 06051
Tel. (860) 826-3420
Federal Bar Number ct01322

<u>CERTIFICATION</u>

I hereby certify that on September 29, 2004, a copy of the above was mailed to the pro se plaintiff:

Felipe Mulero
55 East Cedar Street
Newington, Connecticut 06111

_____
Irena J. Urbaniak
Attorney at Law