UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| FELIPE MULERO | : | |
|     Plaintiff | : | |
| | : | Case No. 3:02CV932 (CFD) |
| v. | : | |
| | : | |
| ONE CONSOLIDATED SCHOOL | : | |
| DISTRICT OF NEW BRITAIN, CT | : | |
|     Defendant | : | February 25, 2005 |

MEMORANDUM OF LAW IN OPPOSITION OF
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

I.    BACKGROUND

    This Amended Complaint is set in two counts.  Count One is based on Title VII of the Civil Rights Act of 1964.  The plaintiff alleges that "the defendant discriminated against him in employment on the grounds of having retaliated against him for having previously filed complaints of employment discrimination; national origin: Puerto Rico."  Amended Complaint dated May 28, 2003, Count One, Paragraph One.  Count Two has been withdrawn by the plaintiff.

II.  STANDARD Of REVIEW

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).  In considering a motion for summary judgment, the court's responsibility is not to resolve disputed issues of fact but to answer whether there are any factual issues to be tried, while resolving ambiguities and drawing reasonable inferences against the moving party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50, 106 S.Ct. 2505 (1986).

Rule 56 must be construed with due regard not only for the rights of persons asserting claims and defenses tried to a jury, but also for the rights of persons opposing such claims and defenses to demonstrate in the manner provided by the Rule, prior to trial, that the claims and defenses have no factual

basis. Id. This remedy, which precludes a trial, is properly granted only when no rational jury could find in favor of the non-moving party. Carlton v. Mystic Transp., Inc., 202 F.3d 129, 133 (2d Cir.), *cert. denied,* ___U.S. ___, 120 S.Ct. 2718, 147 L.Ed.2d 938 (2000).

III. ARGUMENT

A. **PLAINTIFF HAS FAILED TO COMPLY WITH LOCAL RULES OF CIVIL PROCEDURE RULE 56**.

The plaintiff has failed to comply with the District of Connecticut's local rules regarding motions for summary judgment. Rule 56 Summary Judgment (a) Motions for Summary Judgment states in pertinent part:

> 1. There shall be annexed to a motion for summary judgment a document entitled "Local Rule 56(a)1 Statement," which sets forth in separately numbered paragraphs a concise statement of each material fact as to which the moving party contends there is no genuine issue to be tried; . . .
>
> 3. Each statement of material fact by a movant in a Local Rule 56(a)1 statement or by an opponent in a Local Rule 56(a)2 Statement and each denial in an opponent's Local 56(a)2 Statement must be followed by a specific citation to (1) the affidavit of a witness competent to testify as to the facts at trial and/or (2) evidence that would be admissible at trial. The affidavits, deposition testimony, responses to

discovery requests, or other documents containing such evidence shall be filed and served with the Local Rule 56(a)1 and 2 Statements in conformity with Fed. R. Civ. P. 56(e).  Counsel and pro se parties are hereby notified that failure to provide specific citations to evidence in the record as required by this Local Rule may result in sanctions including, when the movant fails to comply, an order denying the motion for summary judgment and when the opponent fails to comply, an order granting the motion; and

    4.  The Local Rule 56(a)1 and 2 Statements referred to above shall be filed and served along with the motion, memorandum of law and certificate of service required by Local Rule 7 and the Federal Rule of Civil Procedure 56.

The purpose of Rule 56 is to aid the court, by directing it to the material facts that the movant claims are undisputed and that the party opposing the motion claims are disputed. Without such statement, "the court is left to dig through a voluminous record, searching for material issues of fact without the aid of the parties." N.D. v. Stratford Bd. of Educ., 97 F.Supp.2d 224, 227 (D.Conn. 2000). Accordingly, Connecticut's Local Rules specifically state that "failure to provide specific citations to evidence in the record as required by this Local Rule may result in sanctions." L. R. Civ. P. 56(a)(3).

The plaintiff, Felipe Mulero, has failed to submit a statement of each material fact as to which he contends there is no genuine issue to be tried. In addition, the plaintiff has failed to submit affidavits or admissible evidence which support the material facts. As he has failed to comply with Local Rule 56(a), the plaintiff's motion should be denied.

B.  **THERE ARE GENUINE ISSUES OF MATERIAL FACT IN DISPUTE**.

The plaintiff's Amended Complaint alleges that the defendant discriminated against him in employment on the grounds of having retaliated against him for having previously filed complaints of employment discrimination based upon his national origin, Puerto Rican. The defendant disputes it retaliated against the plaintiff for having filed a complaint alleging discrimination on the basis of his national origin. (Defendant's Local 56(a)2 Statement, Paragraph 1 and Exhibit B) In fact, the Defendant had offered a teaching position to the plaintiff. (See Exhibit A). After initially accepting the position, but prior to the commencement of the school term the plaintiff declined the employment. (Exhibit B)  The plaintiff

then filed a complaint with the State of Connecticut Commission on Human Rights and Opportunities on July 31, 2001.  (Exhibit A)  In that complaint the plaintiff alleged that he was not hired on or about July 5, 2001, on the basis of his ancestry and having previously opposed discriminatory conduct.  (Exhibit A)  On September 4, 2001, the New Britain School District submitted its response to the plaintiff's Commission on Human Rights and Opportunities complaint.  (Exhibit B)  On November 5, 2001, the Commission on Human Rights and Opportunities notified the plaintiff that his complaint was dismissed.  (Exhibit C)  The Commission on Human Rights and Opportunities in its notice of final agency action states:

> That is, a review of the case file is not likely to reveal that you were not hired for the technology education teacher position on or about July 5, 2001, because of your ancestry (Hispanic).  Moreover, it is also unlikely that you were retaliated against on the basis of your previous opposition of Respondent's alleged discriminatory practices.  Thus, a review of the above is not likely to show that the Respondent subjected you to disparate treatment compared to similarly situated non-Hispanic applicants in violation of Connecticut General Statutes 46a-60(a)(1)

>and 46a-60(4).  Rather the facts are more likely to
>show that Respondent did not subject you to any form of
>adverse treatment on the basis of your membership in a
>protected class.

(Exhibit C)  Therefore, a genuine issue of material fact exists as to whether the plaintiff was retaliated against.

There also exists a genuine issue of material fact that plaintiff has established a prima facie case of discrimination. Title VII provides in part that "[I]t shall be unlawful employment practice to discriminate against any of his employees . . . because [such employee] has opposed any practice made an unlawful practice by this subchapter."  42 U.S.C. §2000e-3(a).  "Retaliation claims under Title VII are tested under a three-step burden shifting analysis.  First, the plaintiff must make out a prima facie case of retaliation. Second, the defendant then has the burden of articulating a legitimate, non-retaliatory reason for the complained of action.  Third, if the defendant meets its burden, plaintiff must adduce evidence sufficient to raise a fact issue as to whether [the employer]'s reason was merely a pretext for retaliation."  Quinn, 159 F.3d at 768-769.

In order for the plaintiff to make out a prima facie case of retaliation, he must demonstrate:  that he participated in a protected activity; that the adverse employment action disadvantaged him; and that there is a causal connection between the protected activity and the adverse employment action.  McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973).

The plaintiff does not satisfy his prima facie burden because he has failed to prove an adverse employment action.  The plaintiff also fails to show a causal link between his Commission on Human Rights and Opportunities filing and the failure of being hired.  Moreover, the plaintiff has failed to show "disparate treatment of fellow employees engaged in similar conduct."  DeCintio v. Westchester County Med. Ctr., 821 F.2d 111, 115 (2d Cir. 1987).

"[S]ummary judgment is ordinarily not appropriate," in Title VII causes of action because a defendant's intent and state of mind are placed in issue . . ."  Rosen v. Thornburgh, 928 F.2d 528, 533 (2d Cir. 1991).  "The plaintiff must establish a genuine issue of material fact either through direct, statistical or circumstantial evidence as to whether

the employer's reason for [the employment decision] is false and s to whether it is more likely that a discriminatory reason motivated the employer to make the adverse employment decision."  <u>Davidson v. Time, Inc.</u>, 972 F.Supp. 148, 152 (E.D.N.Y. 1997).

IV.  <u>CONCLUSION</u>

For these reasons, the defendant respectfully requests that the plaintiff's Motion for Summary Judgment be denied.

> DEFENDANT, ONE CONSOLIDATED SCHOOL DISTRICT OF NEW BRITAIN, CT
>
> By Office of Corporation Counsel
>
> _____
> Irena J. Urbaniak
> Attorney for Defendant
> Office of Corporation Counsel
> City of New Britain
> 27 West Main Street
> New Britain, Connecticut 06051
> Tel. (860) 826-3420
> Fax  (860) 826-3397
> iurbaniak@ch.ci.new-britain.ct.us
> Federal Bar Number ct01322

CERTIFICATION

    I hereby certify that on February 25, 2005, a copy of the above was mailed to the pro se plaintiff:

Felipe Mulero
746 Prospect Street
Wethersfield, Connecticut 06109

_____
Irena J. Urbaniak
Attorney at Law