UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FELIPE MULERO
    PLAINTIFF                                                 Case No. 3:02CV932 (CFD)

V.

ONE CONSOLIDATED SCHOOL
DISTRICT OF NEW BRITAIN, CT                :MARCH 4, 2005
    DEFENDANT

**MOTION TO SQUASH DEFENDANTS MEMORANDUM OF LAW IN OPPOSITION OF PLANTIFF'S MOTION FOR SUMMARY JUDGMENT. /MOTION TO CONTINUE MOTION FOR SUMMARY JUDGEMENT.**

Now Comes the Plaintiff to ESTABLISH THE ONE CONSOLI-DATED SCHOOL DISTRICT WORK FORCE ENGANGES IN UNFAIR LABOR PRACTICE, DISCRIMINATION & RETALIATION, CONTINUING TO THE PRESENT.

1. The Plaintiff had made several attempts at the One Consolidated School District of New Britain to be hired but time after time the Plaintiff was passed up for hire by less qualified candidates year after year after year since 1999 and in some cases Uncertified Female Bilingual candidates filled those positions to teach.

2. I was fired me for no reason in 2001-2002 academic after I was recommended by Principal: Ernest Nocerino at Pulaski Middle School who hired me and allowed me to successfully complete the Alternate Route to Teacher Certification at his School that same year. This Principal was also fired soon after to insure that I

would not be hired again at the One Consolidated School District of New Britain. In July 13, 2004 instead of renewing my application materials upon request the One Consolidated School District of New Britain engaged in an illegal labor practice and destroyed my application file so I would not be considered for a July, 11, 2004 Bilingual educator posting. See Attachment 1 the then new Human Resource Director: Dr. Herbert F. Pandiscio had informed me that I would not be considered for any positions since the Scott Macdonald placed on a list and forward to him.

3. I am properly certified to teach in the State of Connecticut and the State of New York where I am certified as a School Principal, School Superintendent and a School Business Administrator with several years of teaching experience. See Attachment 2, 3, 21, 22, 24 and recommendations. It is insulting to be demeaned and told I am not even qualified to teach Bilingual Education Pre-K-12 at the expense of a lie before a Federal Judge all to camouflage and delay a Federal Judicial proceeding. I have also taught over 9 yrs successfully. See Attachment 4

4. The Defendant One Consolidated School District of New Britain is being dishonest before a Federal Judge continues to derail the truth while making a mockery of a Federal Judicial Proceeding. Attached are all of my Applications which will show there is no break in applications since 1999 when I first applied and on to the present. In Exhibit 1- August 19, 1999 Application, Exhibit 2- June 29, 2000 Application, Exhibit 3-August 21, 2001 Application, Exhibit 4-May 9,

2002 Application, Exhibit 5- copy from the ONE CONSOLIDATED SCHOOL DISTRICT OF NEW BRITAIN, CT in Acknowledgment of Application on 5/2/02 and on 10/9/03 as well as Exhibit 6 which is a Letter asking to renew on July 13, 2004, as well as Exhibit 7: which is the most recent certified letter for continual updated renewal of application letter July 13, 2004 application materials dated February 17, 2005 as proof that I have consistently updated my applications and continue to do so. See Exhibit 7

5. In addition on the Applications itself it States: ***<u>Please notify us if you wish to withdraw your application. Completed applications will be considered for one year unless requested otherwise.</u> See Exhibit 2. I should have been considered for the May25, 2001 Technology Education Position when in fact my June 29, 2000 application on file did covered that period.*** **I was not considered.**

6. The Defendant continues to make a mockery of a Federal Judicial proceeding when she makes a false statement that I had not applied for a May 25, 2001 position at Pulaski Middle School when in fact I had and as proof my June 29, 2000 application was in fact on file. I applied on June 29, 2000 for the Technology Education position and the application was on file for a year. See Exhibit 2.The Defendant is dishonest and misrepresent that those applications were not present and the Plaintiff did not apply. This is proof that the although I have applied consistently and had applied under a protected class basis I was not considered and passed up by several White applicants who did not have a Masters in Technology or were of a Bilingual cultural background but were given full

consideration, an interview and ultimately the job while I was passed over see Attachment exhibit 16 form 8/27/01 & it proves that this an unfair labor practice which takes place time & time again. Please Note that all the candidates are White Technology Educators. Exhibit 16. The defendant is making false statements. The Defendant whole case is based on pointless deception, frivolous motions & lies.

7. I have had a very good relationship with the Principal: Ernest Nocerino of Pulaski Middle School who recommended me to teach Spanish and Bilingual Education at Pulaski Middle School in March 25, 2002 during the 2001-2002 academic year but he was not allowed to view my application on file for the May 25, 2001 position or interview me for a position in Technology Education on May 25, 2001. Although, my application was on file, Scott Macdonald, then Human Resource Director, did not forward my application to Ernest Nocerino. See Exhibit 2 application June 29, 2000 was on file for One Year but I was not considered. I had more credited teaching time (9years) / experience also.

8. Attached is Exhibit 9 that states under Subsection III that a committee of Principals or other Administrators selects teachers for interviews and schedules the interviews. I was not selected or interviewed by a committee nor was I ever ranked by a committee as a whole. The Committee also will take into account the Board's Commitment to employing a Multicultural Staff to work in the school system. I was never given that chance to even be seen by the Principal. I was only interviewed by Thomas Menditto who was the Head Supervisor for Technology Education. Since there is no checks and balances because no one is left to over see

the process he can discriminate and select his all white Technology Education Department just as he has been doing. Thomas Menditto did not comply with the Policy. This is under Subsection III of Schools Hiring Process for Teachers. See Exhibit 9. Also under the Board Policy Statement Exhibit 10 Regarding Nondiscrimination/ Affirmative Action/ Equalization Opportunity the Board 1st Paragraph states The Board is committed to the elimination of discrimination and Racial Imbalance….. This simply is not the case. See Exhibit 10. Thomas Menditto does not perform his duties according to the Board Affirmative Action Policy for a protected Minority groups either. See Exhibit 11 under Subsection I. Thomas Menditto is then free to change his view of applicants and promote whom ever he wishes after the fact. No one is left to check his selection. Thomas Menditto first recommended me for the Job in Exhibit 12 on 8/17/00 but then he changed his mind in Exhibit 13 and lowered his rating of me: Felipe Mulero and did not recommend me. This was to promote and recommend a White Candidate: Christopher W. Bantz on 8/21/00 for the job after the fact so he would rate higher and get the job. See Exhibit 14. ***Thomas Menditto also held against me the fact that I was made to decline a Bilingual Education position which is alarming and retaliatory in nature as part of his decision comment***. This is blatant discrimination and there is no checks and balances in place since no committee is involved because then Scott Macdonald: Director of Human Resources was apart of the Scheme. This is a cover up and unfair labor practice. This is how a minority candidate with a Masters in Technology & better references is passed up in Technology Education for a Lesser Qualified White Candidate without a Masters in Technology. This is not magic how the entire teaching faculty in Technology

Education has always been White with Thomas Menditto as the Central Office Head Supervisor. See Exhibit 16. It is a totally bias selection process to have one person vs. a committee interview pick and choose candidates. I also had high references during the Bilingual Interview Process. See Exhibit 15. I will soon obtain a Ph.D in Information Technology with a concentration in Technology Education in addiction to my Advanced Degree in School Administration. See Exhibit 17. Thomas Menditto discriminates and hires an all White Technology Education Faculty at his own free will and this is discriminatory. See Exhibit 16 I will add that I will Soon to get Ph.D in Information Technology with a concentration in Technology Education. See Exhibit 17.

9. The Defendant misrepresent that the Plaintiff had accepted a position as a Bilingual Educator but then *__declined prior to the commencement of the School Term is simply not true__*. This is an out right false statement. The Position was predicated on the fact that I be certified in-order to teach Bilingual Education. I had become properly certified in late October of 1999 when it was printed which happened after the commencement of the School Term in September. I had already started the School term at my old school as a certified Vocational Technical Instructor. I was not properly licensed as a Bilingual Educator until October 19, 1999 when it was printed. It was not received by the ONE CONSOLIDATED SCHOOL DISTRICT OF NEW BRITAIN, CT until October 26, 1999, see exhibit 8. My application for employment was brought before the Board of Education in November of 1999 once I was properly certified as a

Bilingual Educator for a contract. I was approved to start after the Thanksgiving break but the School had reservations.

10. In the mean time the ONE CONSOLIDATED SCHOOL DISTRICT OF NEW BRITAIN, CT had already hired an Uncertified Female Long Term Substitute to fill the position and had promised her the job because they felt she was doing a good job and the school year was well on its way. The Defendant did not want to see her leave the position at this point as it would have had a negative impact on the Bilingual students at Pulaski Middle School. The Vocational Technical School District, However was still willing to release me to the ONE CONSOLIDATED SCHOOL DISTRICT OF NEW BRITAIN, CT after the School Year had already started which made everything complicated. It was awkward breaking from one School District to enter another School District & had a negative effect on both schools at that point. I was asked to make an unselfish decision which was carefully thought out & mutual decided by me and both School districts that it would be best to reapply next year since I was now properly certified to teach bilingual education and could start at the Commencement of the next School Year (Term) at the One Consolidated School District of New Britain, Conn.

11. I never declined to accept the position outright without having been approached by the ONE CONSOLIDATED SCHOOL DISTRICT OF NEW BRITAIN, CT first as to the negative ramifications it would have with me starting in after the Thanksgiving Holiday Break. I was always willing to come on board and that was

a fact but then it was made clear what would be best for the ONE CONSOLI-DATED SCHOOL DISTRICT OF NEW BRITAIN, CT since it had already promised my position to an Uncertified Female Bilingual Long Term Substitute.

12. Although, I was unhappy having to decline the position in the best interest of the Schools involved; I was willing to accept it in hopes I would be hired the following academic year. I tried again the following year and that's when I became very conscious that something was seriously wrong when a Certified Male Bilingual Candidate could not be hired after I was contracted in the 1999-2000 academic year. I continue to apply and apply again year after year to the same. The ONE CONSOLI-DATED SCHOOL DISTRICT OF NEW BRITAIN, CT has no right to discriminate against me or retaliate on the basis of my race and sex as a Bilingual Educators within its schools.

13. The Defendant has misrepresented the truth time and time again. The Defendant has made false statements concerning my right to sue and it has been proven when her motion was denied. The Defendant has hired an all white Technology Education Department including its Head Central Office Supervisor: Thomas M. Menditto, See Exhibit 16 and had not considered me for the position on May 25, 2001 at Pulaski Middle School while my application was on file for One Year. In addiction Thomas Menditto had recommend me for hire and then recanted his decision to hire Christopher Bantz. See Exhibit 12,13 & 14. The Defendant chooses to continue to ignore my applications on file year after year as a Bilingual Educator although I was hired during the 1999-2000 academic year. I was then

fired during the 2001-2002 academic year for no just cause after I was recommended on March 25, 2002 by the Principal Ernest Norcerino who was also later fired at Pulaski Middle School. Principal Ernest Norcerino had an interest in hiring me the following year. See Exhibit 9. I have been passed up by a less qualified Female Bilingual candidate: DEYANIRA VAZQUEZ in September of 2002 and not considered While my application remained dormant on file. My application has been on file since 1999-2000 academic year. I have a Sixth in administration and soon a Doctorate in Information Technology with a concentration in Technology Education. See Exhibit 17

14. For reasons of Unfair Labor Practice, Discrimination and retaliation that the Defendant has displayed and has been found to have been dishonest, made many untrue statements, brought forth several frivolous motions and dismissals, misrepresented and lied to a Federal Judge. This is unconstitutional and shameful. The Defendant has ultimately made a mockery of a Federal Judicial Proceeding and lied several times to a Federal Judge. The defendant wants the Federal Judge to comply with the rules while the Defendant makes a mockery of the Federal court by obstructing justice with misrepresentation, untrue statements, deception and frivolous motions and filings. This warrants a dismissal. It is for this and all the fundamental facts and unquestionable proof that this case should be granted a Summary Judgment with Damages and a Cease and Desist Order in favor of the Plaintiff. I have been deprived of an income/ lively hood since the 1999-2000 academic School Year; I have suffered mentally, and have become emotionally depressed at the hands of the ONE CONSOLIDATED SCHOOL DISTRICT OF

NEW BRITAIN, CT. The Defendants needs to be brought to Justice with a ruling of Summary Judgment, Damages, Cease & Desist Order in favor of the Plaintiff.

**15.** The Defendant is Depriving Bilingual Student at risk population of a Right to Learn. Bilingual Education is a Federally Founded Mandated Civil Rights and required immediate intervention by a Federal Judge especially when clear action is taken by the Defendant in misappropriating Federal Founds for services not rendered by denying these student a properly Certified Bilingual Educator. The Defendant has and continues to hire uncertified long term substitutes while my application remains dormant year after year. The Defendant should not be allowed to deceive a Federal Judge while she obstructs a Federal Judicial Proceeding with lies, frivolous motions, and deceptive misrepresentation of a material fact. The Plaintiff calls for actions as the defendant should be penalized and the Plaintiff should be granted a Summary Judgment with Damages and a Cease and Desist Order in favor of the Plaintiff. I have been deprived an income since the 1999-2000 academic School Year ; I have suffered mentally and emotionally at the hands of the ONE CONSOLIDATED SCHOOL DISTRICT OF NEW BRITAIN, CT

### *Damages:*

| | | |
|---|---|---|
| 1999-2000 | Step 7 | $65,781  per contract |
| 2000-2001 | Step 8 | $70,381  per contract |
| 2001-2002 | Step 9 | $72,786  per contract |
| 2002-2003 | Step 9 | $76,288  per contract |
| 2003-2004 | Step 9 | $79,108  per contract |
| 2004-2005 | Step 9 | $80,792 per contract |
| Interest Accrued at | | $80,124 |
| 1999-2005 Tuition Reimbursement | | $25,000 |
| Punitive Suffer in Mental Distress | | $300,000 |
| **Total Loss** | | $850,260 |

        Plaintiff, Pro Se'

        Felipe Mulero

        */s/ Felipe Mulero*

        Felipe Mulero, Plaintiff
        746 Prospect Street
        Wethersfield, CT 06109
        Cell (860) 593-5537
        Home (860) 436-2424

## Certification

I certify that a copy of this foregoing motion was sent to the Defendant's Counsel on February 28, 2005 to Irena J. Urbaniak Office of Corporate Counsel, City of New Britain, Conn. 27 West Main Street, New Britain, Conn. 06051. Sent 1st Class Mail March 4, 2005