UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| FELIPE MULERO | : | |
|     Plaintiff | : | |
| | : | Case No. 3:02CV932 (CFD) |
| v. | : | |
| | : | |
| ONE CONSOLIDATED SCHOOL | : | |
| DISTRICT OF NEW BRITAIN, CT | : | |
|     Defendant | : | March 15, 2005 |

MOTION FOR ORDER COMPELLING DISCOVERY AFFIDAVIT

The undersigned, Irena J. Urbaniak, being duly sworn, deposes and says the following:

1.  I am over eighteen (18) years of age.

2.  I understand and believe in the obligations of an oath.

3.  I am the attorney for the Defendant, One Consolidated School District of New Britain, CT, and as such represent it in the above-captioned case.

4.  On or about September 29, 2004, on behalf of the Defendant, I propounded on the Plaintiff a discovery request of twenty-two interrogatory questions and four production requests.

5.  On or about November 8, 2004, 1 sent a letter to the pro se Plaintiff informing him that the answers to the discovery request were past due and requesting compliance.

6. On or about December 6, 2004, Plaintiff responded to thirteen interrogatory questions and to two production requests. The remaining discovery requests were left blank.

7. The Court had granted an extension for the Plaintiff to comply with the discovery request until February 1, 2005.

8. On February 17, 2005, I again on behalf of the Defendant sent a second letter to the pro se Plaintiff requesting the completion of the Defendant's interrogatory request.

9. In corresponding with the pro se plaintiff on November 8, 2004, and February 17, 2005, counsel for the Defendant made a good faith attempt to resolve the discovery dispute without court action.

10. As of date, the Plaintiff has not responded to the Defendant's attempts to obtain the requested discovery.

Dated at New Britain, Connecticut, this 15th day of March, 2005.

_____
Irena J. Urbaniak

Subscribed and sworn to before me this 15th day of March, 2005.

_____
Mary C. Pokorski
Commissioner of Superior Court

-2-

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| FELIPE MULERO : | |
|     Plaintiff : | |
| : | Case No. 3:02CV932 (CFD) |
| v. : | |
| : | |
| ONE CONSOLIDATED SCHOOL : | |
| DISTRICT OF NEW BRITAIN, CT : | |
|     Defendant : | March 15, 2005 |

MEMORANDUM IN SUPPORT OF
DEFENDANT'S MOTION FOR ORDER
COMPELLING DISCLOSURE AND SANCTIONS

NATURE OF THE CASE:

    The amended complaint was originally set in two Counts. Count One is based on Title VII of the Civil Rights Act of 1964. The Plaintiff alleges that "the defendant discriminated against him in employment on the grounds of having retaliated for having previously filed complaints of employment discrimination; national origin; Puerto Rico". Amended Complaint dated April 28, 2003, Count One, Paragraph One. Count Two is based on related state law claims. Summary judgment had been previously granted by the Court in Count Two.

On September 29, 2004, the Defendant served twenty-two interrogatory questions and four production requests on the Plaintiff.  (See Exhibit 1.)  On November 8, 2004, the Defendant sent a letter to the Plaintiff informing the Plaintiff that his time to respond to the discovery had expired.  (See Exhibit 2.)  On November 16, 2004, the Plaintiff filed a Motion for Extension of Time to File Response to Defendant's Interrogatories.  In addition, on the same date, the Plaintiff filed a Motion of Limiting the Defendant's Interrogatories to Fall Within the Defendant's Scope of Employment.

On or about December 6, 2004, Plaintiff responded to thirteen out of the twenty-two interrogatory questions.  (See Exhibit 3.)  The Court had granted an extension to the Plaintiff to respond to the interrogatories until February 1, 2005.

On February 17, 2005, pursuant to Rule 37 of the Federal Rules of Civil Procedure, the Defendant wrote to the Plaintiff requesting compliance to the remaining discovery.  (See Exhibit 4.)  In corresponding with the pro se Plaintiff on November 8, 2004, and February 17, 2005, counsel for the Defendant made a

good faith attempt to resolve the discovery dispute without court action.  The plaintiff has not responded to the Defendant's attempts.

DISCOVERY SOUGHT:

Interrogatories:

14.  State the names and addresses of any other witnesses that you will call at trial which have not already been named in answers to these interrogatories.

The discovery sought is not privileged, relates to the defense of the Defendant who is seeking discovery, and is within the knowledge, possession and power of the Plaintiff to whom the discovery was addressed.  The discovery sought specifically requests information regarding the allegations which Plaintiff is making in his amended complaint and is needed for the Defendant to prepare a proper defense and for the filing of its motion for summary judgment.

15.  Identify and annex and all other evidence which you will offer into evidence at trial which had not already been addressed in these interrogatories.

-3-

The discovery sought is not privileged, relates to the defense of the Defendant who is seeking discovery, and is within the knowledge, possession and power of the Plaintiff to whom the discovery was addressed. The discovery sought specifically requests information regarding the allegations which Plaintiff is making in his amended complaint and is needed for the Defendant to prepare a proper defense and for the filing of its motion for summary judgment.

16.   State whether you brought any other claim or action involving discrimination prior or subsequent to this one.

The discovery sought is not privileged, relates to the defense of the Defendant who is seeking discovery, and is within the knowledge, possession and power of the Plaintiff to whom the discovery was addressed. The discovery sought specifically requests information regarding the allegations which Plaintiff is making in his amended complaint and is needed for the Defendant to prepare a proper defense and for the filing of its motion for summary judgment.

-4-

17. If so, state:

    a. Type of action brought;

    b. Name of each party defendant;

    c. Name of each party plaintiff;

    d. Date each action was filed;

    e. Name of the tribunals or courts involved;

    f. The outcome of each suit or hearing;

    g. A summary of the allegations; and

    h. The place where each action was filed.

The discovery sought is not privileged, relates to the defense of the Defendant who is seeking discovery, and is within the knowledge, possession and power of the Plaintiff to whom the discovery was addressed. The discovery sought specifically requests information regarding the allegations which Plaintiff is making in his amended complaint and is needed for the Defendant to prepare a proper defense and for the filing of its motion for summary judgment.

18. State the evidence you have which proves your allegation that the defendant discriminated against you based on your sex.

The discovery sought is not privileged, relates to the defense of the Defendant who is seeking discovery, and is within the knowledge, possession and power of the Plaintiff to whom the discovery was addressed.  The discovery sought specifically requests information regarding the allegations which Plaintiff is making in his amended complaint and is needed for the Defendant to prepare a proper defense and for the filing of its motion for summary judgment.

19.  State the evidence you have which proves your allegation that the defendant discriminated against you based on your previously filed complaint of employment discrimination.

The discovery sought is not privileged, relates to the defense of the Defendant who is seeking discovery, and is within the knowledge, possession and power of the Plaintiff to whom the discovery was addressed.  The discovery sought specifically requests information regarding the allegations which Plaintiff is making in his amended complaint and is needed for the Defendant to prepare a proper defense and for the filing of its motion for summary judgment.

20. State the evidence you have which proves your allegation that the defendant discriminated against you based on your national origin of Puerto Rico.

The discovery sought is not privileged, relates to the defense of the Defendant who is seeking discovery, and is within the knowledge, possession and power of the Plaintiff to whom the discovery was addressed. The discovery sought specifically requests information regarding the allegations which Plaintiff is making in his amended complaint and is needed for the Defendant to prepare a proper defense and for the filing of its motion for summary judgment.

21. State what administrative procedures and disciplinary action you are alleging in paragraph 7 of your complaint between December 1, 1999, and June 4, 2002. Include the date of the action, type of the action and state all the individuals who were involved.

The discovery sought is not privileged, relates to the defense of the Defendant who is seeking discovery, and is within the knowledge, possession and power of the Plaintiff to whom the

discovery was addressed. The discovery sought specifically requests information regarding the allegations which Plaintiff is making in his amended complaint and is needed for the Defendant to prepare a proper defense and for the filing of its motion for summary judgment.

    22. State how you were treated differently from other similarly situated employees. State the names of all the other employees to whom you are referring to.

The discovery sought is not privileged, relates to the defense of the Defendant who is seeking discovery, and is within the knowledge, possession and power of the Plaintiff to whom the discovery was addressed. The discovery sought specifically requests information regarding the allegations which Plaintiff is making in his amended complaint and is needed for the Defendant to prepare a proper defense and for the filing of its motion for summary judgment.

<u>Production Requests</u>:

    1. Provide copies of all lawsuits and notices of intent to sue which are identified in Interrogatory Numbers 3, 16 and 17.

The discovery sought is not privileged, relates to the defense of the Defendant who is seeking discovery, and is within the knowledge, possession and power of the Plaintiff to whom the discovery was addressed. The discovery sought specifically requests information regarding the allegations which Plaintiff is making in his amended complaint and is needed for the Defendant to prepare a proper defense and for the filing of its motion for summary judgment.

4. Produce copies of all documents, reports and statements referred to in Interrogatory Numbers 8, 9, 10, 12, 13 and 15.

The discovery sought is not privileged, relates to the defense of the Defendant who is seeking discovery, and is within the knowledge, possession and power of the Plaintiff to whom the discovery was addressed. The discovery sought specifically requests information regarding the allegations which Plaintiff is making in his amended complaint and is needed for the Defendant to prepare a proper defense and for the filing of its motion for summary judgment.

Dated at New Britain, Connecticut, this 15th day of March, 2005.

>DEFENDANT, ONE CONSOLIDATED SCHOOL DISTRICT OF NEW BRITAIN, CT
>
>By Office of Corporation Counsel
>
>_____
>Irena J. Urbaniak
>Attorney for Defendant
>Office of Corporation Counsel
>City of New Britain
>27 West Main Street
>New Britain, Connecticut 06051
>Tel. (860) 826-3420
>Fax  (860) 826-3397
>iurbaniak@ch.ci.new-britain.ct.us
>Federal Bar Number ct01322

CERTIFICATION

I hereby certify that on March 15, 2005, a copy of the above was mailed to the pro se plaintiff:

Felipe Mulero
746 Prospect Street
Wethersfield, Connecticut 06109

>_____
>Irena J. Urbaniak
>Attorney at Law

-10-

Case 3:02-cv-00932-CFD    Document 62    Filed 03/16/2005    Page 13 of 16

```
                    UNITED STATES DISTRICT COURT

                       DISTRICT OF CONNECTICUT

FELIPE MULERO                  :
    Plaintiff                  :
                               :     Case No. 3:02CV932 (CFD)
    v.                         :
                               :
ONE CONSOLIDATED SCHOOL        :
DISTRICT OF NEW BRITAIN, CT    :
    Defendant                  :     March 15, 2005
```

NOTICE OF MANUAL FILING

Please take notice that the Defendant has manually filed the following documents:

1.  Exhibit 2 – Letter to Felipe Mulero from Irena J. Urbaniak, City Attorney, dated November 8, 2004, certified with return receipt

2.  Exhibit 3 – Plaintiff's Motion: Try to Answer Any Interrogatories per Defendant's Instructions dated November 22, 2004, and received December 6, 2004

3.  Exhibit 4 – Letter to Felipe Mulero from Irena J. Urbaniak, City Attorney, dated February 17, 2005

These documents have not been filed electronically because the documents can not be converted to electronic format.

The documents have been manually served on all parties.

          Respectfully submitted,

          DEFENDANT, ONE CONSOLIDATED SCHOOL
          DISTRICT OF NEW BRITAIN, CT

          By Office of Corporation Counsel

          _____
          Irena J. Urbaniak
          Attorney for Defendant
          Office of Corporation Counsel
          City of New Britain
          27 West Main Street
          New Britain, Connecticut 06051
          Tel. (860) 826-3420
          Fax  (860) 826-3397
          iurbaniak@ch.ci.new-britain.ct.us
          Federal Bar Number ct01322

## CERTIFICATION

I hereby certify that on March 15, 2005, a copy of the above was mailed to the pro se plaintiff:

    Felipe Mulero
    746 Prospect Street
    Wethersfield, Connecticut 06109

          _____
          Irena J. Urbaniak
          Attorney at Law

Case 3:02-cv-00932-CFD     Document 62     Filed 03/16/2005     Page 16 of 16