UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| FELIPE MULERO : | |
|     Plaintiff : | |
| : | Case No. 3:02CV932 (CFD) |
| v. : | |
| : | |
| ONE CONSOLIDATED SCHOOL : | |
| DISTRICT OF NEW BRITAIN, CT : | |
|     Defendant : | March 18, 2005 |

DEFENDANT'S RESPONSE TO PLAINTIFF'S "OBJECTION
TO DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION
TO STRIKE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT"

The Defendant, One Consolidated School District of New Britain, CT, respectfully objects and responds to the Plaintiff's objection to Defendant's response to Plaintiff's motion to strike Defendant's motion for summary judgment. In support of its objection, the Defendant states the following:

1. On or about October 28, 2003, the Defendant filed its first Motion for Summary Judgment. On or about September 3, 2004, the Honorable Judge Dorsey denied the motion without prejudice allowing the Defendant to renew its motion within sixty days. (See Exhibit A filed with Defendant's objection and

response to Plaintiff's motion for court to refute Defendant's right to motion for summary judgment based on frivolous motion, false statements, frivolous hearings, procrastinations, and deception.)[1],[2]

    2. On September 29, 2004, the Defendant served twenty-two interrogatory questions and four production requests on the Plaintiff. On the same day, the Defendant filed a motion for extension of time to file the motion for summary judgment until December 3rd based on the need to obtain additional discovery material which was necessary for the motion for summary judgment. (See Exhibit B filed with Defendant's objection and response to Plaintiff's motion for court to refute Defendant's right to motion for summary judgment based on frivolous motion, false statements, frivolous hearings, procrastinations, and deception.)[3]

_____

[1] To date, the Defendant has only filed one motion for summary judgment, not several as alleged in the Plaintiff's complaint.
[2] At the argument, counsel for the Defendant informed the court that she had just received information from her client that Plaintiff might not have had the certifications which were necessary for the positions he had applied for. Therefore, the defense counsel needed additional time to investigate.
[3] Objections to the interrogatories were never filed.

3.  On November 8, 2004, the Defendant wrote to the Plaintiff informing him that his time to respond to Defendant's discovery request had expired. (See Exhibit C filed with Defendant's objection and response to Plaintiff's motion for court to refute Defendant's right to motion for summary judgment based on frivolous motion, false statements, frivolous hearings, procrastinations, and deception.) In addition, the Defendant requested compliance.

4.  On November 16, 2004, the Plaintiff filed a Motion for extension of time to file response to Defendant's Interrogatories. (See Exhibit D filed with Defendant's objection and response to Plaintiff's motion for court to refute Defendant's right to motion for summary judgment based on frivolous motion, false statements, frivolous hearings, procrastinations, and deception.) In addition, on the same date, the Plaintiff filed a motion of limiting the Defendant's interrogatories to fall within the Defendant's scope of employment. (See Exhibit E filed with Defendant's objection and response to Plaintiff's motion for court to refute Defendant's

right to motion for summary judgment based on frivolous motion, false statements, frivolous hearings, procrastinations, and deception.)

5. As a result of Plaintiff's November 16th motions, the Defendant filed on November 24, 2004, an objection to Plaintiff's motions along with a second motion for extension of time to file motion for summary judgment. (See Exhibit F filed with Defendant's objection and response to Plaintiff's motion for court to refute Defendant's right to motion for summary judgment based on frivolous motion, false statements, frivolous hearings, procrastinations, and deception).

6. All of the Defendant's extensions of time to file motion for summary judgment have been based on the need to receive discovery compliance from the Plaintiff.

7. On or about December 6, 2004, Plaintiff responded to thirteen out of the twenty-two interrogatory questions. The honorable court had granted an extension to the Plaintiff to respond to the interrogatories until February 1, 2005.

8.  On February 17, 2005, the Defendant pursuant to Rule 37 of the Federal Rules of Civil Procedure sent a second letter to the Plaintiff requesting compliance to the discovery.  (See Exhibit G filed with Defendant's objection and response to Plaintiff's motion for court to refute Defendant's right to motion for summary judgment based on frivolous motion, false statements, frivolous hearings, procrastinations, and deception.)

9.  Despite several attempts by the Defendant to obtain compliance to the discovery request without court intervention, the Defendant had to file a Motion of Compliance on March 15, 2005, due to Plaintiff failing to respond to its attempts.

The Defendant has done everything in its power in an attempt to move discovery on.  The discovery responses are necessary prior to the Defendant filing its motion for summary judgment.  The questions that the Defendant is asking the Plaintiff to answer have not been objected to.  The questions relate to the allegations that Plaintiff has made in his complaint.

Therefore, the Defendant, One Consolidated School District of New Britain, CT, respectfully requests that Plaintiff's motion be denied.

          DEFENDANT, ONE CONSOLIDATED SCHOOL
          DISTRICT OF NEW BRITAIN, CT

          By Office of Corporation Counsel

          _____
          Irena J. Urbaniak
          Attorney for Defendant
          Office of Corporation Counsel
          City of New Britain
          27 West Main Street
          New Britain, Connecticut 06051
          Tel. (860) 826-3420
          Fax  (860) 826-3397
          iurbaniak@ch.ci.new-britain.ct.us
          Federal Bar Number ct01322

## CERTIFICATION

I hereby certify that on March 18, 2005, a copy of the above was mailed to the pro se plaintiff:

    Felipe Mulero
    746 Prospect Street
    Wethersfield, Connecticut 06109

          _____
          Irena J. Urbaniak
          Attorney at Law