UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| FELIPE MULERO : | |
|     Plaintiff : | |
| : | Case No. 3:02CV932 (CFD) |
| v. : | |
| : | |
| ONE CONSOLIDATED SCHOOL : | |
| DISTRICT OF NEW BRITAIN, CT : | |
|     Defendant : | March 18, 2005 |

MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT'S MOTION FOR PROTECTIVE ORDER

I.    BACKGROUND

    This Amended Complaint is set in two counts. Count One is based on Title VII of the Civil Rights Act of 1964. The plaintiff alleges that "the defendant discriminated against him in employment on the grounds of having retaliated against him for having previously filed complaints of employment discrimination; national origin: Puerto Rico." Amended Complaint dated May 28, 2003, Count One, Paragraph One. Count Two had been withdrawn by the plaintiff.

II.  <u>HARRASING PLEADINGS</u>

A.  **<u>MOTION: MOTION TO STRIKE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT DATED FEBRUARY 7, 2005</u>**

"The Defendant has brought several frivolous statements . . ."

"The Defendant did not move forward on September 3, 2004 during her Summary Judgment Hearing over frivolous arguments." (Exhibit A)

B.  **<u>MOTION: OBJECTION TO DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT DATED MARCH 4, 2005</u>**

". . . Defendant attempts to set forth a Summary Judgment based on untrue and frivolous statements, which are based on deception to lure a Federal Judge . . ."

"The Defendant then made several false statements to deceive the Judge . . ."

"The Defendant's Interrogatories were also frivolous and meaningless to further delay . . ."

"The extension was based on several untrue frivolous statements made to a Federal Judge to lure the court . . . The Defendant demonstrated little respect for Justice and is making

a mockery of the Federal Court . . . This constitutes a clear misrepresentation before a Federal Judge to lure the Court into a deceptive tactic . . ."

"These outrageous are a blatant disrespect for the law by the Defendant to deceive a Federal Judge, which constitutes a clear misrepresentation and an act of making a mockery of Justice . . ."

" . . . nature of the Defendant arguments are done under false statements designed to deceive the court and delay . . ." (Exhibit B)

C. **MOTION: MOTION FOR COURT TO REFUTE DEFENDANT'S RIGHT TO MOTION FOR SUMMARY JUDGMENT BASED ON FRIVOLOUS MOTIONS, FALSE STATEMENTS, FRIVOLOUS HEARINGS, PROCRASTINATIONS, AND DECEPTION DATED MARCH 4, 2005**

"The Defendant has formulated many untrue and frivolous statements, which are based on deception to lure the Judge . . ."

"The Defendant then made several false statements to deceive the Judge . . ."

"The extension was based on several untrue frivolous statements made to a Federal Judge to lure the Court . . . The

Defendant has demonstrated little respect for justice and is making a mockery of the Federal Court . . . This constitutes a clear misrepresentation before a Federal Judge to lure the Court into a deceptive tactic . . ."

"These outrageous acts are a blatant disrespect for the law by the Defendant to deceive a Federal Judge, which constitutes a clear misrepresentation and an act of making a mockery of Justice . . . the Defendants arguments are done under false statements designed to deceive the court and the delay the court proceedings". (Exhibit C)

D.   **MOTION:  MOTION TO SQUASH DEFENDANTS MEMORANDUM OF LAW IN OPPOSITION OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT/ MOTION TO CONTINUE MOTION FOR SUMMARY JUDGMENT**

"One Consolidated School District of New Britain engaged in an illegal labor practice . . ."

"The Defendant One Consolidated School District of New Britain is being dishonest before a Federal Judge continues to derail the truth while making a mockery of a Federal Judicial Proceeding . . ."

"The Defendant continues to make a mockery of a Federal Judicial proceeding when she makes a false statement . . . The

Defendant is dishonest and misrepresent . . . The defendant is making false statements . . . The Defendant whole case is based on pointless deception, frivolous motions & lies."

"Defendant has displayed and has been found to have been dishonest, made many untrue statements, brought forth several frivolous motions and dismissals, misrepresented and lied to a Federal Judge . . . The Defendant has ultimately made a mockery of a Federal Judicial Proceedings and lied several times to a Federal Judge . . . the Defendant makes a mockery of the Federal court by obstructing justice with misrepresentations, untrue statements, deception and frivolous motion . . .".  (See Exhibit D.)

III.  LEGAL ARGUMENT

A.  **PLAINTIFF'S HARASSMENT AND PERSONAL ATTACKS MUST STOP.**

"Federal Courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions."  In Re Anthony R. Martin-Trigona, 737 F.2d 1254, 1261 (2d Cir. 1984)(affirming, in part, injunction against pro

-5-

se plaintiff's abusive litigation tactics).  As the Court held in Martin-Trigona:

> [T]he United States Courts are not powerless to protect the public, including litigants . . . from the depredations of those . . . who abuse the process of the Courts to harass and annoy others with meritless, frivolous, vexatious or repetitive . . . proceedings.

Martin-Trigona, 737 at 1262.

In addition, Rule 26(c) of the Federal Rules of Civil Procedure provides that a protective order may enter "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . ." Fed. R. Civ. P. 26(c).  In entering a protective order, the Court may "make any order which justice requires." Id.  In this case, justice requires that this Court enter an order to prevent the plaintiff from filing motions which are harassing and personal attacks of the defendant and its counsel.

Plaintiff has engaged in a pattern and practice of filing harassing and oppressive pleadings which are full of personal attacks on the defendant and its counsel.  (See Exhibits A through D.)  In sum, the plaintiff has imposed a great burden

and expense upon the defendant by his irrational filing of irrelevant pleadings which are personal attacks.

Plaintiff made the allegation but fails to provide any evidence supporting the allegation.  The motions were filed to harass and place undue burden on the defendant.

IV.   CONCLUSION

For the foregoing reasons, the defendant seeks a protective order.

>                         DEFENDANT, ONE CONSOLIDATED SCHOOL
>                         DISTRICT OF NEW BRITAIN, CT
>
>                         By Office of Corporation Counsel
>
>                         _____
>                         Irena J. Urbaniak
>                         Attorney for Defendant
>                         Office of Corporation Counsel
>                         City of New Britain
>                         27 West Main Street
>                         New Britain, Connecticut 06051
>                         Tel. (860) 826-3420
>                         Fax  (860) 826-3397
>                         iurbaniak@ch.ci.new-britain.ct.us
>                         Federal Bar Number ct01322

<u>CERTIFICATION</u>

I hereby certify that on March 18, 2005, a copy of the above was mailed to the pro se plaintiff:

Felipe Mulero
746 Prospect Street
Wethersfield, Connecticut 06109

_____
Irena J. Urbaniak
Attorney at Law