UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| FELIPE MULERO | : | |
|     Plaintiff | : | |
| | : | Case No. 3:02CV932 (CFD) |
| v. | : | |
| | : | |
| ONE CONSOLIDATED SCHOOL | : | |
| DISTRICT OF NEW BRITAIN, CT | : | |
|     Defendant | : | October 28, 2003 |

### DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Defendant, One Consolidated School District of New Britain, CT, hereby submits Defendant's Motion for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.

Filed contemporaneously with this motion are (1) Defendant's Memorandum of Law in Support of Motion for Summary Judgment and (2) Defendant's Local Rule 9(c) Statement of Undisputed Facts.

WHEREFORE, the Defendant moves that its Motion for Summary Judgment be granted in its entirety.

Respectfully submitted this 28th day of October, 2003.

    DEFENDANT, ONE CONSOLIDATED SCHOOL
    DISTRICT OF NEW BRITAIN, CT

    By Office of Corporation Counsel

    _____
    Irena J. Urbaniak
    Attorney for Defendant
    Office of Corporation Counsel
    City of New Britain
    27 West Main Street
    New Britain, Connecticut 06051
    Tel. (203) 826-3420
    Federal Bar Number ct01322

## CERTIFICATION

I hereby certify that on October 28, 2003, a copy of the above was mailed to the pro se plaintiff:

Felipe Mulero
55 East Cedar Street
Newington, Connecticut 06111

    _____
    Irena J. Urbaniak
    Attorney at Law

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| FELIPE MULERO : | |
|     Plaintiff : | |
| : | Case No. 3:02CV932 (CFD) |
| v. : | |
| : | |
| ONE CONSOLIDATED SCHOOL : | |
| DISTRICT OF NEW BRITAIN, CT : | |
|     Defendant : | October 28, 2003 |

**MEMORANDUM OF LAW IN SUPPORT OF**
**<u>DEFENDANT'S MOTION FOR SUMMARY JUDGMENT</u>**

I. **<u>BACKGROUND</u>**

This Amended Complaint is set in two counts. Count One is based on Title VII of the Civil Rights Act of 1964. The plaintiff alleges that "the defendant discriminated against him in employment on the grounds of having retaliated against him for having previously filed complaints of employment discrimination; national origin: Puerto Rico." Amended Complaint dated April 28, 2003, Count One, Paragraph One. Count Two is based on related state law claims.

II.  **STANDARD OF REVIEW**

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).  In considering a motion for summary judgment, the court's responsibility is not to resolve disputed issues of fact but to assess whether there are any factual issues to be tried, while resolving ambiguities and drawing reasonable inferences against the moving party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50, 106 S.Ct. 2505 (1986).  The standard under Rule 56 "mirrors" that "for a directed verdict under . . . Rule 50(a), which is that the trial judge must direct a verdict if, under the governing law, there can be but one conclusion as to the verdict."  Id. at 250 (citations omitted).

The summary judgment procedure is not a disfavored procedural shortcut, but an integral part of the Federal Rules

as a whole.  Celotex Corp. v. Catrett, 477 U.S. 317, 327, 106 S.Ct. 2548 (1986).  Rule 56 must be construed with due regard not only for the rights of persons asserting claims and defenses tried to a jury, but also for the rights of persons opposing such claims and defenses to demonstrate in the manner provided by the Rule, prior to trial, that the claims and defenses have no factual basis.  Id.  "[I]f the factual context renders respondents' claim implausible . . . respondents must come forward with more persuasive evidence to support their claim than would otherwise be necessary."  Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S.Ct. 1348 (1986).  A party opposing summary judgment may rely upon any of the evidentiary materials listed in Rule 56(c), except the mere pleadings themselves.  Fed. R. Civ. P. 56(e); Celotex Corp., 477 U.S. at 324.  Rather than resting upon "mere conclusory allegations or denials as a vehicle for obtaining a trial," the non-moving party "must bring to the district court's attention some affirmative indication that his version of relevant events is not fanciful."  Quinn v. Syracuse Model Neighborhood Corp., 613 F.2d 438, 445 (2d Cir. 1980).

A mere scintilla of evidence is not enough to create a fact issue; there must be evidence on which a jury might reasonably find for the plaintiff.  Anderson, 477 U.S. at 252.  In the absence of such a minimal showing, a defendant should not be required to undergo the considerable expense of preparing for and participating in a trial.  Evans v. Bally's Health and Tennis, Inc., 1994 WL 121479 (D. Md. 1994).  In order to proceed to trial, a genuine issue of fact must be presented.  "When a moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts."  Matsushita, 475 U.S. at 586.  "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'"  Id.

III. **ARGUMENT**

    **THE DEFENDANT IS ENTITLED TO SUMMARY JUDGMENT AS THIS MATTER IS TIME BARRED PURSUANT TO CONNECTICUT GENERAL STATUTES SECTION 46a-101(e) AND 42 USC 2000e5(f)(1).**

Connecticut General Statutes Section 46a-101(e) states: "[A]ny action brought by the complainant in accordance with

-4-

section 46a-100 [Discriminatory employment practices.  Cause of action upon release from commission] shall be brought within ninety days of the receipt of the release of the commission."

The Commission on Human Rights and Opportunities Release of Jurisdiction letter was issued on November 28, 2001.  (See Exhibit A.)  The Release of Jurisdiction letter specifically stated:

> **The Complainant must bring an action in Superior Court within ninety (90) days of receipt of this release and within two (2) years of the date of filing the complaint with the commission.**

Under 42 U.S.C. Section 2000e-5(f)(1), a complainant has ninety days in which to file suit after receipt of an EEOC right to sue letter.  The Equal Employment Opportunity Commission Dismissal and Notice of Rights letter was issued in March, 2002.  (See Exhibit B.)  The EEOC – Notice of Suit Rights – specifically stated:

> **Title VII, the Americans with Disabilities Act, and/or the Age Discrimination In Employment Act:  This will be the only notice of dismissal and of your right to sue that we will send you.  You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.  Your lawsuit must be filed WITHIN 90 DAYS of your receipt of this Notice; otherwise, your right to sue based on this charge will be lost.**

-5-

The plaintiff had the complaint served on the defendant on May 27, 2003. (See Exhibit C.) Since plaintiff has failed to file the action within the 90 day period of the CHRO Release of Jurisdiction letter or the EEOC Notice of Rights Letter, this matter is time barred and thus summary judgment in favor of the defendant is appropriate in the entire matter.

IV. **CONCLUSION**

Based upon the foregoing, Defendant's Motion for Summary Judgment should be granted in its entirety.

DEFENDANT, ONE CONSOLIDATED SCHOOL
DISTRICT OF NEW BRITAIN, CT

By Office of Corporation Counsel

_____
Irena J. Urbaniak
Attorney for Defendant
Office of Corporation Counsel
City of New Britain
27 West Main Street
New Britain, Connecticut 06051
Tel. (203) 826-3420
Federal Bar Number ct01322

-7-

CERTIFICATION

    I hereby certify that on October 28, 2003, a copy of the above was mailed to the pro se plaintiff:

    Felipe Mulero
    55 East Cedar Street
    Newington, Connecticut 06111

    _____
    Irena J. Urbaniak
    Attorney at Law