UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| FELIPE MULERO : | |
|     Plaintiff : | |
| : | Case No. 3:02CV932 (CFD) |
| v. : | |
| : | |
| ONE CONSOLIDATED SCHOOL : | |
| DISTRICT OF NEW BRITAIN, CT : | |
|     Defendant : | July 18, 2005 |

OBJECTION TO PLAINTIFF'S
MOTION OF LIMITING DEPOSITION TO FALL WITHIN SCOPE OF
THE DEFENDANTS EMPLOYMENT HISTORY AND MOTION TO PROTECT
PLAINTIFF RIGHTS TO PRIVACY AS IT PERTAINS TO MEDICAL
RECORDS AND EMPLOYMENT RECORDS ESPECIALLY WHEN THE
DEFENDANT IS UNREASONABLE AND VIOLATES MY RIGHT TO PRIVACY

    The defendant, One Consolidated School District of New Britain, CT, hereby objects to the plaintiff's Motion of Limiting Deposition on the grounds that the information being sought is relevant to the subject matter involved in this matter or is reasonably calculated to lead to discovery of admissible evidence. The plaintiff has brought this action against the defendant. Pursuant to the Federal Rules of Civil Procedure, the defendant is entitled to obtain discovery on any relevant

information. Specifically, Rule 26(b)(1) of the Federal Rules of Civil Procedure provides:

> Parties may obtain discovery regarding any matter, not privileged that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(i), (ii), and (iii).

Furthermore, Rule 30(a) provides in pertinent part:

> A party may take the testimony of any person, including a party, by deposition upon oral examination without leave of court . . .

As was previously stated, the information being sought is relevant and necessary for the defense of plaintiff's action.

The plaintiff has alleged emotional distress. The defendant will be prejudiced if it is not allowed to conduct the discovery necessary to properly defend itself in this action. Plaintiff's employment history and educational background are also relevant and necessary for the defense of plaintiff's claim that the

refusal to hire was discriminatory. The information sought is not privileged and is relevant or reasonably calculated to lead to admissible evidence, therefore, the plaintiff's motion should be denied.

DEFENDANT, ONE CONSOLIDATED SCHOOL
DISTRICT OF NEW BRITAIN, CT

By Office of Corporation Counsel

 /s/ Irena J. Urbaniak_____
Irena J. Urbaniak
Attorney for Defendant
Office of Corporation Counsel
City of New Britain
27 West Main Street
New Britain, Connecticut 06051
Tel. (860) 826-3420
Fax  (860) 826-3397
iurbaniak@ch.ci.new-britain.ct.us
Federal Bar Number ct01322

CERTIFICATION

I hereby certify that on July 18, 2005, a copy of the above was mailed to the pro se plaintiff:

Felipe Mulero
746 Prospect Street
Wethersfield, Connecticut 06109

 /s/ Irena J. Urbaniak_____
Irena J. Urbaniak
Attorney at Law

-3-