UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

**Felipe Molero,**
    **Plaintiff,**

v.    CIVIL NO. 3:02-cv-00932-CFD

**Consolidated School District
of New Britain,**
    **Defendant.**

### Rulings on Motions 74-1, 74-2, 72-1, 72-2, 81

**[74-1]** The defendant's motion for attorney's fees **[74-1]** is **DENIED** without prejudice; at the conclusion of all proceedings in this case, on application, the court will consider the amount of attorney's fees, if any, to be awarded in connection with defendant's motion to compel; defendant's motion to compel **[74-1]** the plaintiff to answer questions at his deposition is **GRANTED**; the plaintiff is under an obligation to answer deposition questions truthfully and non-evasively; the plaintiff is required to cooperate with discovery just like every other plaintiff who brings a lawsuit in federal court; among other things, the plaintiff must answer questions regarding his employment history and medical history, as well as execute an authorization permitting the defendant access to plaintiff's medical records; the plaintiff's deposition will be permitted to continue so that defendant may obtain the information which it is entitled to obtain as part of the normal discovery process. **IT IS SO ORDERED.**

**[74-2]** This document appears to be primarily an affidavit in support of [74-1] erroneously captioned as a "motion." Since it merely duplicates the latter motion, it is **GRANTED** in part and **DENIED** without prejudice in part, as is more fully set forth in the court's endorsement of this date on [74-1]. **IT IS SO ORDERED.**

**[Dkt. 72-1]** The motion to compel is **GRANTED**. The plaintiff is hereby ordered (once again) to provide complete, non-evasive answers to Interrogatories 1 and 5 and the sub-parts to each within 30 days of today. The court previously granted a motion compelling plaintiff to answer these interrogatories, among others. The plaintiff did not comply with the court's order, thus prompting the defendant to file the instant motion. The information sought by defendant's discovery requests is routinely and properly requested in lawsuits such as this one. To the extent defendant styles this as a motion for sanctions, it is **DENIED** without prejudice on this record. The plaintiff is warned that his continued refusal to comply with discovery orders of the court could subject him to sanctions which could include dismissal of his lawsuit. To the extent that defendant seeks sanctions on this record, the motion is **DENIED** without prejudice. At the conclusion of all proceedings in this case, on application, the court will consider the amount of attorney's fees, if any, that should be awarded in connection with this motion. **IT IS SO ORDERED.**

**[Dkt. 72-2]** This document appears to be an affidavit submitted to in connection with Dkt. 72-1, erroneously captioned as a motion. It is **GRANTED** in part and **DENIED** in part, as more fully set out in the court's endorsement today on Dkt. 72-1. **IT IS SO ORDERED.**

**[Dkt. 81]** The instant "Motion to Deny Motion For Protective Order" is **DENIED.**  When plaintiff opposes a motion, he should file a memorandum in opposition to the motion rather than a motion to oppose the underlying motion.  **IT IS SO ORDERED.**

Dated at Hartford, Connecticut this 22nd day of September, 2005.

/s/ Thomas P. Smith
Thomas P. Smith
United States Magistrate Judge