UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| FELIPE MULERO | : | |
|     Plaintiff | : | |
| | : | Case No. 3:02CV932 (CFD) |
|     v. | : | |
| | : | |
| ONE CONSOLIDATED SCHOOL | : | |
| DISTRICT OF NEW BRITAIN, CT | : | |
|     Defendant | : | October 26, 2006 |

<u>MOTION TO DISMISS</u>

Pursuant to 41(b) of the Federal Rules of Civil Procedure, the defendant, One Consolidated School District of New Britain, CT, respectfully requests the above-captioned matter be dismissed due to the plaintiff's continuous failure of complying with court orders.

The following are the relevant facts in this matter:

1. On September 29, 2004, the defendant propounded on the plaintiff Interrogatories and Request for Production.

2. On November 8, 2004, the defendant sent a letter to the plaintiff informing him that his responses were past due and requesting compliance.

3.   On November 16, 2004, an extension of time to respond to the discovery request was filed by the plaintiff.  At the same time, the plaintiff filed a motion of limiting defendant's interrogatories to the time period of the complaint.

4.   On November 22, 2004, the plaintiff filed "Motion:  Try to Answer Any Interrogatories per Defendant's Instructions." (This response was received in the defendant's office on December 6, 2004.)

5.   The plaintiff was granted an extension of time to respond to the discovery request by the Court until February 1, 2005.

6.   On February 17, 2005, pursuant to Rule 37 of the Federal Rules of Civil Procedure, the defendant wrote to the plaintiff requesting compliance to the discovery requests which the plaintiff had left unanswered.

7.   On March 15, 2005, the defendant filed a Motion for Order Compelling Disclosure and Sanctions.

8.   On April 21st and 25th, 2005, the defendant conducted plaintiff's deposition.  During the deposition, the plaintiff

refused to answer questions regarding his employment history, refused to provide authorization to obtain employment records, was evasive regarding his medical history and refused to provide a medical authorization to obtain his medical history.

9.   On April 21, 2005, the March 15, 2005, Motion for Order Compelling Discovery was granted by Judge Thomas P. Smith.

10.   On May 17, 2005, the defendant filed a motion to compel answers to questions at a deposition.  Also on May 17, 2005, the defendant filed a motion to compel the plaintiff in filing answers to the discovery questions he had unanswered.

11.   On August 3, 2005, the Honorable Judge Thomas P. Smith denied Plaintiff's Motion Limiting Interrogatories and denied the Plaintiff's Motion Limiting Deposition.

12.   As a result of Judge Thomas Smith's ruling, the defendant's counsel rescheduled the plaintiff's deposition in an attempt to obtain information regarding the plaintiff's medical and employment history.

13.   On September 7, 2005, the plaintiff was re-deposed. In the hour and thirty-five minute deposition, the plaintiff

answered "I don't recall" or words to that effect one hundred and thirty-five times.  The defense counsel was unable to obtain information regarding the plaintiff's medical and employment history.

14.  On September 22, 2005, the Honorable Judge Thomas P. Smith ordered the plaintiff to answer the defendant's interrogatories 1 and 5 by October 24, 2005, and in addition, the Court granted the defendant's motion to compel.

15.  On December 14, 2005, the defendant filed a motion to dismiss based on the plaintiff's failure to comply with the Honorable Judge Smith's order of September 22, 2005.

16.  On September 27, 2006, the Honorable United States District Judge Christopher F. Droney ruled on the December 14, 2005, defendant's Motion to Dismiss.  The court ordered the plaintiff to:

    a.  execute an authorization permitting the defendant access to his medical and employment records on forms provided by the defendant;
    b.  respond to defendant's Interrogatory No. 5 providing information about his employment history; and
    c.  provide the defendant the names of his physicians, psychiatrists, psychologists, or any other medical or mental health professional he has visited since January 1, 1996.

17.  The Court gave the plaintiff until October 20, 2006, to comply with the order and obligations.

18.  Although the Court had intervened a second time and attempted to assist the defendant by ordering the plaintiff to supply by October 20, 2006, the employment and medical history, the plaintiff to date has failed to do so.

In Support of its Motion to Dismiss, the defendant relies upon its Memorandum of Law attached hereto.

DEFENDANT, ONE CONSOLIDATED SCHOOL
DISTRICT OF NEW BRITAIN, CT

By Office of Corporation Counsel

_/s/ Irena J. Urbaniak_____
Irena J. Urbaniak
Attorney for Defendant
Office of Corporation Counsel
City of New Britain
27 West Main Street
New Britain, Connecticut 06051
Tel. (860) 826-3420
Fax  (860) 826-3397
iurbaniak@ch.ci.new-britain.ct.us
Federal Bar Number ct01322

<u>CERTIFICATION</u>

I hereby certify that on October 26, 2006, a copy of the above was mailed to the pro se plaintiff:

    Felipe Mulero
    746 Prospect Street
    Wethersfield, Connecticut 06109


    _/s/ Irena J. Urbaniak_____
    Irena J. Urbaniak
    Attorney at Law