UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| FELIPE MULERO | : | |
| Plaintiff | : | |
| | : | Case No. 3:02CV932 (CFD) |
| v. | : | |
| | : | |
| ONE CONSOLIDATED SCHOOL | : | |
| DISTRICT OF NEW BRITAIN, CT | : | |
| Defendant | : | October 26, 2006 |

MEMORANDUM OF LAW
IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

This Motion to Dismiss is brought pursuant to the Federal Rules of Civil Procedure.

I.    BACKGROUND

This amended complaint was originally set in two counts. Count One is based on Title VII of the Civil Rights Act of 1964. The plaintiff alleges that "the defendant discriminated against him in employment on the grounds of having retaliated for having previously filed complaints of employment discrimination; national origin:  Puerto Rico".  Amended Complaint dated April 28, 2003, Count One, Paragraph One.  Count Two was based

on related state law claims.  Summary judgment had been
previously granted by the Court in Count Two.  The plaintiff
further alleges that as a result of the defendant's conduct, the
plaintiff has suffered severe emotional distress and economic
loss.

II.  <u>ANALYSIS & ARGUMENT</u>

When considering motions to dismiss a pro se complaint,
courts must construe the complaint broadly and interpret it to
raise the strongest arguments suggested.  <u>Weixel v. Bd. Of Educ.
of N.Y.</u>, 287 F.3d 138, 1138, 145-46 (2d Cir. 2002).  There are
limits to the deference to which a plaintiff – even one
appearing pro se – is entitled.  <u>Troni v. DiMilano</u>, 89 Civ.
3299, 1992 U.S. Dist. LEXIS, at *5 (S.D.N.Y. Jan. 1992); see
also <u>Peia v. United States Bankr. Courts</u>, 3:00cv2310 (PCD), 2001
U.S. Dist. LEXIS 14328, at *3 (D.Conn. May 22, 2001).  "All
litigants, including pro sees, have an obligation to comply with
court orders."  <u>Minotti v. Lensink</u>, 895 F.2d 100, 103 (2d Cir.
1990).

Defendants move to dismiss on the basis that plaintiff has
repeatedly failed to comply with discovery orders.  "Dismissal

with prejudice [for failure to comply with discovery orders] is a harsh remedy to be used only in extreme situations . . ., and then only when a court finds willfulness, bad faith, or any fault of the part of the prospective deponent." Valentine v. Museum of Modern Art, 29 F.3d 47, 49 (2d Cir. 1994).  At the same time, "in this day of burgeoning, costly and protracted litigation courts should not shrink from imposing harsh sanctions where . . . they are clearly warranted." Id.

     In this matter, the defendant sent its interrogatories and request for production on September 29, 2004, over one year ago. Approximately six weeks after service of the interrogatories on November 16, 2004, the plaintiff filed a "motion of limiting the defendant's interrogatories to fall within the defendant's scope of employment."  The plaintiff did not want to respond to questions regarding the time period before or after his employment with the defendant.  The plaintiff claimed:  "I need to be focused.  I am not unable to respond accurately to my history when I crossed several careers and my mental state of mind and health is not well."  The Honorable Judge Thomas P. Smith denied the Motion of Limiting on August 3, 2005.

On November 22, 2004, the plaintiff filed "Motion:  Try to Answer Any Interrogatories per Defendant's Instructions".  This response was received in the defendant's office on December 6, 2005.  The plaintiff had responded to thirteen out of twenty-two interrogatory questions and two out of four production requests. In the question requesting the plaintiff set forth his professional and employment history, he responded "AFDA see Attachment 1 & 2."  Attachment 1 and 2 were physician notes.

On March 15, 2005, after corresponding with the plaintiff several times regarding discovery, the defendant filed its first motion for order compelling discovery and sanctions.  On April 21, 2005, the Honorable Judge Thomas P. Smith granted the motion to compel.  The Judge also commented that the defendant could re-file if she felt the answers were deficient.

On April 21, 2005, and April 25, 2005, the defendant's counsel commenced taking plaintiff's oral deposition.  During the deposition the plaintiff refused to answer questions regarding his employment history, refused to provide an authorization to obtain employment records, was evasive

regarding his medical history and refused to provide a medical authorization to obtain his medical history.

On May 17, 2005, defense counsel filed a motion to compel answers to questions at deposition. This Motion to Compel was granted by the Honorable Judge Thomas P. Smith on September 22, 2005. Also on May 17, 2005, the counsel for the defendant filed a motion to compel further answers to interrogatories and motion for sanctions. This Motion to Compel was also granted on September 22, 2005. The Honorable Judge Thomas P. Smith ordered the plaintiff to answer the defendant's interrogatories by October 24, 2005. The plaintiff has failed to comply with the order.

On June 3, 2005, the plaintiff filed as "motion of limiting deposition to fall within the scope of the plaintiff's employment history and motion to protect plaintiff rights to privacy as it pertains to medical records and employment records especially when the defendant is unreasonable and violates my right to privacy." On August 3, 2005, the Honorable Thomas P. Smith denied the motion limiting deposition.

As a result of Judge Thomas Smith's August 3rd, 2005, ruling denying the Plaintiff's Motion to Limit Deposition, the defendant's counsel rescheduled the plaintiff's deposition in an attempt to obtain information regarding the plaintiff's medical and employment history.  On September 7, 2005, the plaintiff was re-deposed.  In the hour and thirty-five minute deposition, the plaintiff answered "I don't recall" or words to that effect one hundred and thirty-five times.  The defense counsel was unable to obtain information regarding the plaintiff's medical and employment history.

On December 14, 2005, the defendant filed its first motion to dismiss based on plaintiff's failure of complying with the court ordered discovery requests.  On September 27, 2006, the Honorable District Court Judge Christopher F. Droney ruled on the December 14, 2005, motion.  The motion was denied without prejudice.  The court ruled:

> In order to comply with his discovery obligations, the
> plaintiff is ordered to execute an authorization
> permitting the defendant access to his medical and
> employment records on forms provided by defense
> counsel.  Second, the plaintiff is ordered to respond

to defendant's Interrogatory No. 5 providing
information about his employment history.  Finally,
the plaintiff is ordered to provide the defendant the
names of his physicians, psychiatrists, psychologists,
or any other medical or mental health professionals he
has visited since January 1, 1996.  The plaintiff is
given until October 20, 2006 to comply with these
obligations.

The court cautioned the plaintiff stating: "notwithstanding
his pro se status, continued failure to comply with discovery
orders will result in his complaint being dismissed."  Although
warned of the consequences, the plaintiff has continued to
disregard court orders, including the latest order dated
September 27, 2006.

The plaintiff's medical and employment histories are
relevant to the matter at hand.  Plaintiff has had ample
opportunity to respond to all discovery requests propounded by
defense counsel and ordered by the court.  Plaintiff has been
given numerous generous opportunities to cure his discovery
deficiencies.

In light of plaintiff's continued noncompliance, the
defendant respectfully requests the matter be dismissed pursuant

to Rule 41(b), Fed. R. Civ. P. for failure to comply with the orders of the court.

<div style="margin-left:40%">

DEFENDANT, ONE CONSOLIDATED SCHOOL DISTRICT OF NEW BRITAIN, CT

By Office of Corporation Counsel


_/s/ Irena J. Urbaniak_____
Irena J. Urbaniak
Attorney for Defendant
Office of Corporation Counsel
City of New Britain
27 West Main Street
New Britain, Connecticut 06051
Tel. (860) 826-3420
Fax  (860) 826-3397
iurbaniak@ch.ci.new-britain.ct.us
Federal Bar Number ct01322

</div>

## CERTIFICATION

I hereby certify that on October 26, 2006, a copy of the above was mailed to the pro se plaintiff:

Felipe Mulero
746 Prospect Street
Wethersfield, Connecticut 06109

<div style="margin-left:40%">

_/s/ Irena J. Urbaniak_____
Irena J. Urbaniak
Attorney at Law

</div>