UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| FELIPE MULERO : | |
|     Plaintiff : | |
| : | Case No. 3:02CV932 (CFD) |
| v. : | |
| : | |
| ONE CONSOLIDATED SCHOOL : | |
| DISTRICT OF NEW BRITAIN, CT : | |
|     Defendant : | July 19, 2007 |

**DEFENDANT'S MEMORANDUM IN OPPOSITION TO**
**PLAINTIFF'S REQUEST TO RE-OPEN LAWSUIT**

The defendant, One Consolidated School District of New Britain, CT, respectfully submits this memorandum in opposition to plaintiff's "Motion to re-open law suit based on civil right act of the 1964 Americans for Disability Act", dated July 2, 2007, to re-open the December 21, 2006, judgment in the above case.

I.   STATEMENT OF FACTS

This amended complaint was originally set in two counts, Count One is based on Title VII of the Civil Rights Act of 1964. The plaintiff alleges that "the defendant discriminated against

him in employment on the grounds of having retaliated for having previously filed complaints of employment discrimination; national origin: Puerto Rico". Amended Complaint dated April 28, 2003, Count One, Paragraph One. Count Two was based on related state law claims. Summary judgment had been previously granted by the court in Count Two. The plaintiff further alleges that as a result of the defendant's conduct, the plaintiff has suffered severe emotional distress and economic loss.

On October 26, 2006, the defendant filed a Motion to Dismiss on the basis that plaintiff had repeatedly failed to comply with discovery orders. On December 6, 2006, the Honorable Judge Christopher F. Droney ordered plaintiff to respond to the motion to dismiss by December 15, 2006, or the case would be dismissed. The plaintiff having failed to respond to the order, the court, on December 20, 2006, entered an order dismissing this action and ordered, adjudged and decreed that judgment be entered in the defendant's favor.

By motion dated July 2, 2007, the plaintiff filed a motion to re-open law suit based on Civil Right Act of the 1964

Americans for Disability Act. In his motion the plaintiff has alleged the following: "I have tried to be compliant with all court orders before I became ill and unable to respond. I am pro se & I have become ill as previously stated through out the case. I became unable to respond due to my incapacitation of which I have no medical insurance to receive qualified medical attention." Plaintiff has never produced documentation or substantiation regarding this claim.

In fact, plaintiff is blatantly attempting to mislead the court. From June 29, 2006, through June 25, 2007, plaintiff has been incarcerated in several Connecticut Correctional Facilities. (See Exhibit A.) Plaintiff was serving a sentence for being convicted of Forgery 1 and 2. (See Exhibit B.) Medical attention is available at all the correctional facilities.

II.  DISCUSSION

Plaintiff in his motion to re-open has failed to cite the applicable rule under which he alleges the matter should be re-opened. The Honorable Christopher F. Droney, United States

District Judge, ordered, adjudged and decreed that judgment be entered dismissing the complaint on December 21, 2006. Plaintiff's Motion to Re-open is dated July 2, 2007, one hundred ninety-three (193) days after judgment was entered.  Any motion to re-open a judgment filed pursuant to Rule 59 of the Federal Rules of Civil Procedure must be filed within ten days after entry of the judgment.  Since the plaintiff has failed to file his motion within the ten day requirement of Rule 59, the re-opening requirements pursuant to Rule 59 are not applicable.

Federal Rules of Civil Procedure Rule 60(a) applies to clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission, and is, therefore, inapplicable here.

In ruling on a motion to re-open under Rule 60(b), the court must exercise its sound discretion, and that discretion includes determining whether the motion has been brought within a reasonable time of the entry of judgment. <u>National Petrochemisal v. M/T Stolt Sheaf</u>, 930 F.2d 240, 244 (2d Cir. 1991).  Notably, in <u>American Metals</u>, a five month delay –

precisely what is at issue here – was held unreasonable.  Id. The issue of delay is critical because decisions under the Rule are designed to promote the finality of judgments.  Paddington Partners v. Bouchard, 34 F.3d 1132, 1144 (2d Cir.1994); Toscano v. C.I.R., 441 F.2d 930, 933-934 (9th Cir. 1971).  Moreover, a Rule 60(b) motion can not be used as a substitute for a timely appeal.  Dunn v. Cockrell, 302 F.3d 491, 492-494(5th Cir.2002), cert. den. 537 U.S. 1181 (2003); Moore's Federal Practice 3D, Section 60.38[2]; Ackerman v. U.S., 340 U.S. 193, 197-202 (1950).

Under Rule 60(b)(1) the issue of "excusable neglect" must be determined in light of all relevant circumstances, including i) the danger of prejudice to the adverse party; ii) the length of the delay; iii) the reason for the neglect; and iv) whether the moving party acted in good faith.  Pioneer Investment Services Co. v. Bruswick Associates Ltd. Partnership, 507 U.S. 380 (1993).  In the case at bar, the very real prejudice is to the defendant who legitimately attained dismissal of the claims after attempting several times to obtain discovery responses and

even twice enlisted the court's assistance. The length of delay has been 193 days, over five months, since judgment was entered. Plaintiff alleges that the neglect was based on his medical condition. Yet, he has failed to provide any documentation to substantiate his claim. In fact, during the period of time in question, plaintiff was incarcerated in the Connecticut Correction System. (See Exhibits A, B, and C.) Proof of good faith is also lacking in light of the fact that the plaintiff repeatedly had fair notice from the defendant and the court.

"[A] party claiming excusable neglect will, in the ordinary case, lose under the Pioneer test." Canfield v. Van Atta Buick/GMC Truck, Inc., 127 F.3d 248, 251 (2d Cir.1997), cert. den. 522 U.S. 1117 (1998). "Courts repeatedly deny relief when they find the facts and circumstances demonstrate a lack of diligence in pursuing or defending litigation, . . . [and the] failure to meet a deadline without some understandable excuse for tardiness is not excusable." Greenwood Explorations v. Merit Gas & Oil Co., 837 F.2d 423, 426-427 (10th Cir. 1988).

If plaintiff's request is analyzed under Rule 60(b)(6) – the "catch-all" provision – the request must also be denied. "Extraordinary circumstances" must be present to warrant relief under Rule 60(b)(6). Liljeberg v. Health Services Acquisition Corp., 486 U.S. 847, 863-864 (1988). This is generally construed to mean that there is no fault that can be attributed to the movant, such as where the movant can adequately demonstrate he has no knowledge of the proceedings. National Credit Union Administration v. Gray, 1 F.3d 262 (4th Cir. 1993). Those who do not diligently act to protect their legal rights are not entitled to relief under Rule 60(b)(6). PRC Harris, Inc. v. Boeing Co., 700 F.2d 894, 897-898 (2d Cir. 1983); Lehman v. U.S.., 154 F.3d 1010, 1017 (9th Cir.1998). Motions under Rule 60(b)(6) must also be brought within a reasonable time. U.S. v. Holtzman, 762 F.2d 720, 725 (9th Cir. 1985). For the reasons noted earlier, one hundred ninety-three days is not considered reasonable.

III. <u>CONCLUSION</u>

Plaintiff's request is untimely under these circumstances and plaintiff can not demonstrate excusable neglect or other grounds for relief.  For the reasons set forth, the defendant respectfully requests the court deny plaintiff's motion to re-open.

DEFENDANT, ONE CONSOLIDATED SCHOOL
DISTRICT OF NEW BRITAIN, CT

By Office of Corporation Counsel


__/s/ Irena J. Urbaniak_____
Irena J. Urbaniak
Attorney for Defendant
Office of Corporation Counsel
City of New Britain
27 West Main Street
New Britain, Connecticut 06051
Tel. (860) 826-3420
Fax  (860) 826-3397
iurbaniak@ch.ci.new-britain.ct.us
Federal Bar Number ct01322

<u>CERTIFICATION</u>

I hereby certify that on July 19, 2007, a copy of the above was mailed to the pro se plaintiff:

Felipe Mulero
746 Prospect Street
Wethersfield, Connecticut 06109


__/s/ Irena J. Urbaniak_____
Irena J. Urbaniak
Attorney at Law