HR507 REV.3/95
CONNECTICUT DEPARTMENT OF CORRECTION

# INITIAL PSYCHIATRIC EVALUATION

| INMATE NUMBER | DATE OF BIRTH |
|---|---|
| 2 5 5 3 6 7 | 1-3-1966 |

INMATE NAME (LAST, FIRST, INITIAL)
MULERO, FELIPE

| DATE | EXAMINER/TITLE | SEX | RACE/ETHNIC | FACILITY |
|---|---|---|---|---|
| 6/17/97 | Psychiatry | (M) F | B W (H) O | WCI |

**REASON FOR CONSULTATION/REFERRAL:** " I have lot of stress & Depression " " Been emotionally disturbed --- I am very unable to part of my family -.. I don't come to know about them."

**CLINICAL ASSESSMENT:** 30 y/old hispanic male, single works as a architectural machine drafting instructor in a technical school c/o problems of Racism at work place. Seen a psychiatrist 4 times prior coming here. He is on sick leave from work. Inmate c/o being transferred frequently " I want to learn ___ to cope with Racism "

Alert, oriented x3, coherent, fussing on Racism and build up a case for his legal battle. Continue to have interpersonal issues and some problems with authority. e.g. depression, psychosis, suicidal or homicidal ideation.

**DIAGNOSIS:**

AXIS I  Alcohol abuse,

AXIS II  R/o Mixed — Narcissistic / personoid features

AXIS III  none

AXIS IV  Incarceration, stressors at work,

AXIS V

**DISPOSITION:** 1. Addiction Services.
2. No Reason psychiatric F/U necessary.

Counseling as necessary — inmate will request depression on how he is feeling.

**PSYCHOACTIVE MEDICATION:** none.

---

CONSENT FOR TREATMENT WITH PSYCHOTROPIC MEDICATION FORM NECESSARY?  YES  (NO)  (Circle One)

ABNORMAL INVOLUNTARY MOVEMENT SCALE (AIMS) NECESSARY?  YES  (NO)  (Circle One)

MENTAL HEALTH OBJECTIVE CLASSIFICATON SCORE:     1     2     3     4     5     (Circle One)

PSYCHIATRIST SIGNATURE                                      DATE  6/17/97.

HR501 REV.5/94
CONNECTICUT DEPARTMENT OF CORRECTION

# REQUEST FOR MENTAL HEALTH SERVICES

| INMATE NUMBER | DATE OF BIRTH |
|---|---|
| 255367 | 1-3-66 |

INMATE NAME (LAST, FIRST, INITIAL)
Muleno Felipe

| DATE OF REQUEST | INMATE REQUEST | REFERRED BY/TITLE | SEX | RACE/ETHNIC / | FACILITY |
|---|---|---|---|---|---|
| 6/3/97 | Y  N | Cpt Schilz | M  F | B  W  H  O | Web. |

DESCRIBE REASON FOR REQUEST/REFERRAL:

Staff referral
"not fitting in"

## MENTAL HEALTH SERVICES RESPONSE

| DATE REQUEST RECEIVED | REFERRED TO | DATE CLIENT SEEN | SERVICE PROVIDER/TITLE |
|---|---|---|---|
| 6/3/97 | B Tenyer | 6/3/97 | |

SERVICE PROVIDED/RESPONSE:

S: Racism is out there ... causes me a
Glitch "

O: I/m wanting to talk at length regarding
the various injustices he has experienced as
a result of being Puerto Rican.

A: I/m unable to identify specific concern or complain
directly related to acute mental health symptoms. I/m is vague
withholding + circumstantial when questioned directly
I/m is alert oriented x3 organized and
without signs major mental illness
will see in 10 dys per I/m request
"I need to talk to some one about this (racism

RESCHEDULE DATE:    YES ☑    NO ☐

MENTAL HEALTH PROVIDER'S SIGNATURE/TITLE                        6/3/97




# STATE OF CONNECTICUT

### DEPARTMENT OF EDUCATION
September 11, 1997

Mr. Felipe Mulero
55 East Cedar Street
Newington, CT 06111

Dear Mr. Mulero:

This letter is to inform you that you are being placed on leave in accordance with the Federal Family Medical Leave Act (FMLA), and the State Employees Family Medical Leave Act (SFMLA) due to a serious health condition that makes you unable to perform the essential functions of your job. Your Federal FMLA leave is effective today and your State FMLA leave will be effective once you are in an unpaid status (on or about 9/19/97).

Your rights under the FMLA leaves include up to twelve (12) weeks of unpaid leave in a twelve month under Federal FMLA or twenty-four (24) weeks in two years under State FMLA. Federal and State FMLA run concurrently for the reason listed above. This leave will be counted against your annual FMLA leave entitlement. Your annual leave entitlement for federal FMLA will roll forward from the first day of usage (September 5, 1997). Your entitlement to leave under the State FMLA also rolls forward from the first day of usage and covers the next twenty-four months. The state will maintain your health benefits during any period of unpaid leave under the same conditions as if you continued to work, and you must be reinstated to the same or an equivalent job with the same pay, benefits, and terms and conditions of employment on your return from leave in accordance with the FMLA acts.

You are required to furnish medical certification of a serious health condition. You must provide us with updated medical documents for any period of absence related to this illness. You will need to provide these documents on a periodic basis. Medical notices, on a monthly basis should be sufficient. The medical notice should contain an expected date of when you will be released to return to work as well as medical facts.

If you normally pay a portion of the premiums for your dependent health insurance, you should continue these payments during the period of your leave. If you are not receiving a pay check, our payroll office would bill you directly for such costs. In addition, our records show that you have twenty one (21) hours of personal leave time available. If you wish to use your personal leave time, you will need to submit your request to your business manager. Finally, Connecticut General Statutes 5-248a (d) requires that the employee submit a signed statement of the intent to return to work upon termination of the leave. Please forward your statement to my attention at Department of Education, Bureau of Human Resources, 25 Industrial Park Road, Middletown, CT 06457.

Please forward your medical documentation to my attention at Department of Education, Bureau of Human Resources, 25 Industrial Park Road, Middletown, CT 06457.

If I can be of any assistance to you, please feel free to call me at 638-4088.

Sincerely,

Deborah Eldredge
Personnel Officer

cc: Thomas Serra
    Thomas Fiorentino
    Edward Pierce
    Robert B. Muchitsky
    Aaron Silvia
    Robert Babcock
    Personnel File

25 Industrial Park Road



# STATE OF CONNECTICUT



## DEPARTMENT OF EDUCATION
April 10, 2000

Mr. Felipe Mulero
55 East Cedar Street
Newington, CT 06111

Dear Mr. Mulero:

This letter is to inform you that you are being placed on leave in accordance with the federal Family and Medical Leave Act (FMLA).

Under the federal FMLA eligible employees are entitled to 12 weeks of unpaid leave in a 12 month period for a qualifying reason. Under state law, eligible employees may take 24 weeks in a two-year period for qualifying reasons. The leave entitlements (both federal and state) may run concurrently. Your leave under federal FMLA is effective today and is approved through May 4, 2000. Your state leave will begin if you exhaust your accrued sick time.

The state will maintain your health benefits during any period of unpaid leave under the same conditions as if you continued to work, and you must be reinstated to the same or an equivalent job with the same pay, benefits, and terms and conditions of employment on your return from leave in accordance with the Federal FMLA act.

If you normally pay a portion of the premiums for your dependent health insurance, you should continue these payments during the period of your leave. If you are not receiving a pay check, our payroll office would bill you directly for such costs.

If you anticipate the need for a longer medical leave, please forward an updated medical report to my attention at Department of Education, Bureau of Human Resources, 25 Industrial Park Road, Middletown, CT 06457. Please call your director on or about April 26, 2000 to confirm your return to work on May 5, 2000.

If I can be of any assistance to you, please feel free to call me at 860-807-2162.

Sincerely,

Deborah Eldredge
Personnel Officer

Cc: Ceferino Lugo
    Silas Shannon
    Nancy Catricala
    Personnel File

July 25, 2001


Re: Felipe Mulero
    55 East Cedar Street
    Newington, CT 06111


To Whom It May Concern:


Dear, Sir or Madam:

I have consulted with Mr. Mulero on July 25, 2001 in regard to his severe emotional problems that he's been experiencing. These are problems that build up over time and are now just coming to a head because of his stress level.

In my opinion, however, Mr. Mulero was not in the proper state of mind to have made any legal agreements without having had his attorney present. Mr. Mulero has had a history of mental illness and in my opinion he was not emotionally stable enough to have made any conscious decisions regarding any legal agreements without having his attorney present.

My plan is to start him on appropriate medication, medication that will decrease his anxiety and also decrease his depression. I believe this will help his health condition.

G. Montgomery Winship, M.D.
GMW:NET/dah
D: 07/25/01
T: 07/26/01

# GH
## Grove Hill Medical Center

*Exhibit B-2*

44 Dale Road
Avon, CT 06001

6 Hammerhead Place
Cromwell, CT 06416

73 Cedar Street
New Britain, CT 06052

300 Kensington Avenue
New Britain, CT 06051

33 Lexington Street
New Britain, CT 06052

One Lake Street
New Britain, CT 06052

292 West Main Street
New Britain, CT 06052

18 Cedar Street
Newington, CT 06111

296 Main Street
Newington, CT 06111

184 East Street
Plainville, CT 06062

1708 East Street
Plainville, CT 06062

132 Main Street
Southington, CT 06489

55 Meriden Avenue
Southington, CT 06489

360 North Main Street
Southington, CT 06489

March 21, 2000

Mr. Felipe Mulero
55 East Cedar Street
Newington, CT 06111

Re: MR # 372461

Based upon my medical evaluation today, you are unable to work until May 5, 2000 due to an Adjustment Disorder with Anxious Mood.

Sincerely,

Dale James Wallington, MD

DJW/mc

CC: File

ADMINISTRATION

President
EARLE J. SITTAMBALAM, M.D.

Chief Executive Officer
ROBERT J. FERRINI



**Grove Hill** Medical Center

INTERNAL MEDICINE
  Maryanna Gozun, M.D.
  Shahnaz Hussain, M.D.

OBSTETRICS AND GYNECOLOGY
  Jeffrey Mihalek, M.D.
  Pamela Manthous, M.D.

PEDIATRICS

COUNSELING AND
PSYCHIATRIC SERVICES
  Montgomery Winship, M.D.
  Dale James Wallington, M.D.
  Julie Casertano, Phd
  Patricia Cole, Phd
  Cristine McNaney, Psy.D
  Jan Nicholson, APRN
  Rose-Ann Wanczyk, LCSW

May 17, 2000

Edward Pierce
25 Industrial Park Road
Middletown, CT 06457

Re: Felipe Mulero, return to work

Dear Mr. Pierce,

I have received your letter of March 5, 2000 addressed to Felipe Mulero concerning his return to work status. Mr. Mulero has no limitation in performing his duties and is able to return to work as I recommend he do so. His inability to operate an automobile has nothing to do with his ability to function as a teacher. As a preventative measure a new start at a new school near his home on the bus line where he has had no past employment history is recommended for this patient. Mr. Mulero poses no threat to himself or to others.

I have advised this patient to return to work as of May 8, 2000 without restriction. I recommend that he seek temporary employment on a per deim basis until his employer will allow for his return to full time work. The patient has fully recovered from his medical condition.

If you have any questions concerning this patient please write me at the address above.

Sincerely,

Dale James Wallington M.D.

Cc: Felipe Mulero
    Attorney Sydney Schulman
    SVFT, Attorney Scheinbergh



**Grove Hill** Medical Center

INTERNAL MEDICINE
  Maryanna Gozun, M.D.
  Shahnaz Hussain, M.D.

OBSTETRICS AND GYNECOLOGY
  Jeffrey Mihalek, M.D.
  Pamela Manthous, M.D.

PEDIATRICS

COUNSELING AND
PSYCHIATRIC SERVICES
  Montgomery Winship, M.D.
  Dale James Wallington, M.D.
  *Julie Casertano, Phd*
  Patricia Cole, Phd
  Cristine McNaney, Psy.D
  Jan Nicholson, APRN
  Rose-Ann Wanczyk, LCSW

May 10, 2000

Mr. Felipe Mulero,

Dear Mr. Mulero,

I am in receipt of a request by Edward Pierce for medical information related to your return to duty.   You have given me a copy of the release of information you signed for Ed. Pierce, Education Principal Labor Relations specialist at the Department of Education, State of Connecticut.   It is my policy to review with you in person your entire medical record to date for those are the only records I will release to Mr. Pierce.   I will not discuss your case with him without you present.   Furthermore I do not believe our treatment relationship will survive another round of letters so I will not respond to Mr. Pierce in writing.

I look forward to discussing this and other pertinent matters with you at your next appointment.

Sincerely,

Dale James Wallington M.D.



# NUTMEG MEDICAL
PAIN AND DIAGNOSTIC CENTER P.C.

April 7, 1997

*Exhibit B-3*

## NEUROLOGY CONSULTATION

PATIENT:     Felipe Mulero
FILE#:       NM970202-00
DOI:         February 22, 1997

## HISTORY

This is a 31-year-old right handed man who while walking into Webster Bank in West Hartford, the hydraulic door mechanism broke off the door and fell on his head and neck. With the impact he was almost knocked to the floor. He felt dizzy, nauseated, confused and was not able to answer questions. He refused immediate medical attention and managed to walk home. He then tried to drive to Saint Francis Hospital Emergency Room. Upon arrival a CT scan of the head was negative, and he was discharged on no medicines.

Since then he has been unable to function. His headaches have been persistent, and have been associated with light headedness for brief minutes, dizziness and nausea. He has also suffered decreased appetite, difficulty sleeping with frequent awakenings and decreased memory.

His headaches are described as bitemporal more on the right side not decreased with Tylenol. They occur two or three times a day on a daily basis, they appear abruptly last for a half hour or so and are associated with occasional nausea.

His decreased memory is described as difficulty remembering appointments, forgetting where he places things and difficulty following directions, etc.

Sleeping difficulties have been a problem, but these have improved since he has been out of work for two weeks.

## PAST MEDICAL HISTORY

No known allergies. He had a previous motor vehicle accident in 1996 during which he suffered a whiplash injury to the cervical and lumbar region.

151 New Park Avenue    Hartford   Connecticut   06106   Phone   (860) 493-7400   Fax (860) 908-7346

P.01

**MARVIN ZELMAN, M.D., P.C.**
31 WOODLAND STREET
HARTFORD, CONNECTICUT 06105

TELEPHONE (860) 522-0426
FACSIMILE  (860) 522-0709

Exhibit B-4

May 6, 1997

Attorney Robert B. Muchinsky
39 Russ Street
Hartford, CT 06106-1566

VIA POST and FAX: 297-0040

RE: Felipe Mulero

Dear Attorney Muchinsky:

Your client, Felipe Mulero, is under my care for the treatment of a severe emotional disorder. As I have indicated to you in previous communications, Mr. Mulero has a psychotic condition. That is to say, that he has a limited ability to deal with reality. He is extremely defensive and disorganized. He complains of head, neck and back injuries. He is suspicious and mistrustful. He also complains of gastrointestinal upset, loss of appetite and weight loss.

Regrettably, Mr. Mulero's specific diagnostic formulation has not yet been made. However, he is sufficiently disturbed so that he cannot work at all nor can he participate in any discussions about his employment. He cannot attend meetings with his employer to resolve any difficulties because of his condition.

Should you have any further questions about his condition, please feel free to contact me.

Yours truly,

Marvin Zelman, M.D.

DIPLOMATE OF THE AMERICAN BOARD OF PSYCHIATRY AND NEUROLOGY

MARVIN ZELMAN, M.D., P.C.
31 WOODLAND STREET
HARTFORD, CONNECTICUT 06105

TELEPHONE (860) 522-0426
FACSIMILE (860) 522-0709

10-15-97

To: Atty Robt Muchinsky
Re: Felipe Mulero

In response to the inquiry of Mr. Edw. Pier
I have the following information:

① I have made Mr. Mulero's specific
  diagnostic formulation

② Mr. Mulero has an Adjustment Disorder
  with mixed emotional features
  DSM IV 309.28

③ I do not believe that his condition
  will continue to fluctuate

④ Mr. Mulero continues in regular
  outpatient psychotherapy,
  procedure code 90844, on a
  biweekly basis. Since Aug 28, 1997
  he has attended five sessions.

⑤ Mr. Mulero denies any history of violence
  to himself or others whatsoever.
  I have seen no evidence of suicidal
  or homicidal tendencies. I do not
  understand the basis for Mr. Pierce's
  questions about Mr. Mulero
  posing a threat to himself or others.

                    Yours truly,
                    Marvin Zelman, md

MARVIN ZELMAN, M.D., P.C.
31 WOODLAND STREET
HARTFORD, CONNECTICUT 06105

(203) 522-0426

11-25-97

To: State of Conn
    Dept of Education.

This is to confirm that
Felipe Mulero is able
to return to work
full-time and without
restrictions on
Monday Dec 1, 1997

M. Zelman MD

org to pr

**MARVIN ZELMAN, M.D., P.C.**
31 WOODLAND STREET
HARTFORD, CONNECTICUT 06105

TELEPHONE (860) 522-0426
FACSIMILE  (860) 522-0709

10-9-97

To: Linda A. Jakab
     Sick Leave Bank Committee

Felipe Mulero is under my care for
the treatment of a nervous condition.
He is unable to work because of
anxiety, depression and suspicion.
He is in outpatient treatment
on a biweekly basis and it is
anticipated that he will be
able to return to work on
Dec 1, 1997.

Marvin Zelman MD

MARVIN ZELMAN, M.D., P.C.
31 WOODLAND STREET
HARTFORD, CONNECTICUT 06105

TELEPHONE (860) 522-0426
FACSIMILE  (860) 522-0709

May 6, 1997

Attorney Robert B. Muchinsky
39 Russ Street
Hartford, CT 06106-1566

VIA POST and FAX:  297-0040

RE:  Felipe Mulero

Dear Attorney Muchinsky:

Your client, Felipe Mulero, is under my care for the treatment of a severe emotional disorder.  As I have indicated to you in previous communications, Mr. Mulero has a psychotic condition.  That is to say, that he has a limited ability to deal with reality. He is extremely defensive and disorganized.  He complains of head, neck and back injuries.  He is suspicious and mistrustful.  He also complains of gastrointestinal upset, loss of appetite and weight loss.

Regrettably, Mr. Mulero's specific diagnostic formulation has not yet been made. However, he is sufficiently disturbed so that he cannot work at all nor can he participate in any discussions about his employment.  He cannot attend meetings with his employer to resolve any difficulties because of his condition.

Should you have any further questions about his condition, please feel free to contact me.

Yours truly,

Marvin Zelman, M.D.

PERSONNEL DIVISION
STATE OFFICE BUILDING, HARTFORD, CT, 06106
**INSTRUCTIONS**
*This form must be executed by a physician or a
practitioner whose method of healing is recognized
by the State, except where otherwise indicated.*



| | |
|---|---|
| **AGENCY INSTRUCTIONS** | This medical certificate shall be given the employee or sent directly to his physician or practitioner. The name of the person and the address of the agency to which this certificate is to be returned shall be inserted in the space provided. THE PHYSICIAN OR PRACTITIONER will generally return the filled out certificate to the agency head or authorized representative. Fill in employee's name and position below, also address if necessary. |

**AGENCY**

**FILL IN**

AGENCY HEAD OR REPRESENTATIVE
Edward Pierce

AGENCY NAME Vocational-Technical School System

AGENCY ADDRESS (No. and Street)
25 Industrial Park Road

(City or Town) Middletown

(State) CT

(Zip) 06457

EMPLOYEE'S NAME
Felipe Mulero

EMPLOYEE'S POSITION
Vocational School Instructor

DEPARTMENT Education

ADDRESS (No and Street)
55 East Cedar Street

(City or Town) Newington

(State) CT

(Zip) 06111

**CONDITIONS GOVERNING ISSUANCE**

NO SICK OR SPECIAL LEAVE WITH PAY IN EXCESS OF FIVE DAYS SHALL BE GRANTED STATE EMPLOYEES UNLESS SUPPORTED BY A MEDICAL CERTIFICATE FILED WITH AND ACCEPTABLE TO THE APPOINTING AUTHORITY. THE PERIOD OF DISABILITY, IN THE CASE OF PREGNANCY BOTH BEFORE AND AFTER BIRTH, MUST BE REPORTED WITH A DESCRIPTION OF THE NATURE OF THE DISABILITY ENTERED UNDER "REMARKS".

**TO BE FILLED IN BY ATTENDING PHYSICIAN OR PRACTITIONER**

After examination on *(Date)* 4-25-97                I certify that the above-named patient

is unable to perform the duties of his or her position and has been incapacitated since *(Date)* 3-27-97

The employee's absence is due to: *(Please be as specific as possible)* a nervous condition including symptoms of insomnia, depression suspicion, headaches and dizziness.

The employee will be able to return to ("X" one)→ REGULAR ☒    SELECTIVE ☐    work on *(DATE)* Sept 1, 1997

REMARKS:

---

E OF PHYSICIAN OR PRACTITIONER (Please type or print) Marvin Zelman MD

ESS (No. and Street) 31 Woodland St (City or Town) Hartford (State) CT (Zip) 06105

O (Physician or Practitioner) *Marvin Zelman*    DATE 4-25-97    TELEPHONE 5220426

Suite 5000
433 River Street
Troy, NY 12180-2262

# **Value Behavioral Health**

A Value Health Company

24 SEP 1998

MARVIN ZELMAN
31 WOODLAND ST
HARTFORD, CT 06105

Case#:  678227*0
Date of Admission:  08-28-97
Level of Treatment:  Outpatient
Employee:  FELIPE MULERO
ID#:  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
Patient:  FELIPE MULERO
DOB:  01-03-66

Dear:  MARVIN ZELMAN

Value Behavioral Health, Inc. (VBH) has been selected by  Blue  Cross
Blue  Shield  of  Connecticut  to  review  the  proposed  treatment
referenced above for mental health and/or substance abuse provided to
State of Connecticut  beneficiaries  to  determine  if  the  proposed
treatment is Medically Necessary.

This letter is to inform you that based on the  requirements  of  the
Plan, care has been administratively noncertified  from  09-16-98  to
09-20-98.

    [ ] Since the admission was not precertified.

    [ ] Since the admission was not precertified (although VBH is
        the secondary payor, the Plan requirement of precerti-
        fication is not waived).

    [ ] Due to failure to notify VBH of the admission.

    [ ] Since we did not receive a timely response to our
        request to review.

    [ ] Due to failure to respond to our request for Peer Advisor
        review.

    [ ] Since the patient was on a therapeutic leave or extended
        leave pass.

    [ ] Due to failure to submit the initial OTR within the
        required time frame.

    [X] Due to failure to submit a concurrent OTR until after the
        last certified date.

Suite 5000
433 River Street
Troy, NY 12180-2262

# Value Behavioral Health

A Value Health Company

[ ] Due to failure to call VBH to conduct a concurrent
    telephonic review until after the last certified
    date.

[ ] Due to a late call to complete a telephonic review.

[ ] Due to your late submission of an OTR.

[ ] Due to failure to respond to our request for further
    information.

[X] IN-NETWORK PROVIDERS ONLY:  As per our agreement, the
    patient/policyholder may not be billed for costs
    associated with this period of administrative non-
    certification.

An eligible individual, his/her authorized representative  or  health
care provider may appeal this noncertification.  The  appeal  may  be
initiated by calling VBH's Customer Services at 800/269-7341  between
the hours of 8 AM TO 6 PM (ET) or by writing to the VBH address above
within 60  days from the date of this letter.  Written  requests  for
appeal must be accompanied by a copy of this letter.

Based upon all of the information received by  VBH,  a  determination
has been made that the proposed treatment described  below  has  been
certified:

30  visit(s)/unit(s) From 08-28-97 To 06-30-99

The purpose of this VBH review is only  to  assess  whether  proposed
treatment can be certified as Medically Necessary in accordance  with
the Plan's requirements.  Certification should not  be  considered  a
guarantee of payment by the Plan. Payment by the Plan is also subject
to all other Plan requirements and limitations as  of  the  time  the
services  are  rendered.  Treatment  decisions  are  always  the
responsibility of the patient and the attending provider, not VBH  or
the Plan.

FOR OUTPATIENT CARE ONLY, if further treatment  is  necessary  beyond
this  certification,  the  provider  must  submit  a  VBH  Outpatient
Treatment Report (OTR) to the above VBH address three weeks prior  to
the end of the certification period.

FOR OTHER LEVELS OF CARE, continued stay beyond the  certified  dates
noted above must be reviewed by calling VBH on  or  before  the  last
certified day at 800/269-7341 .

Thank you for following the certification procedures required by  the

Suite 5000
433 River Street
Troy, NY 12180-2262

# Value Behavioral Health

A Value Health Company

Plan.  If you have any questions, call  VBH's  Customer  Services  at
800/269-7341 between the hours of 8 AM TO 6 PM (ET) .

Care Management Services
Value Behavioral Health, Inc.

1084          Page 3 of 3:  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 0-TRA3-0
                    Patient:  FELIPE MULERO

cc:  FELIPE MULERO

                              FELIPE MULERO
                              55 EAST CEDAR ST
                              NEWINGTON, CT  061112533

ATTACHMENT 



Consolidated School District of New Britain
**Director of Human Resources/Counsel to the Board of Education**
One Liberty Square
New Britain, Connecticut 06050-1960
(860) 827-2264    Fax (860) 229-7075

May 9, 2002

Mr. Felipe Mulero
55 East Cedar Street
Newington, CT  06111

Dear Mr. Mulero:

    In response to your letter of May 8, 2002, this letter will notify you that your name has been removed from the substitute teacher list.  You will no longer be permitted to substitute in this school district.

                    Truly yours,

                    Scott D. Macdonald

/jgm

ATTACHMENT C



Consolidated School District of New Britain
**Pulaski Middle School**
**Ernest Nocerino, Principal**
**E. Ann Carabillo, Assistant Principal**
757 Farmington Avenue
New Britain, Connecticut 06053
(860) 225-7665   Fax (860) 223-3840

March 25, 2002

To Whom It May Concern:

I am pleased to write this recommendation for Felipe Mulero.  During the 2001-2002 school year Mr. Mulero has performed in the capacity of a substitute teacher, covering a variety of subject areas.  His most recent assignment was teaching a Spanish class for 6-weeks while the full time teacher was on maternity leave.  In addition to teaching this class he also student taught in a bilingual classroom to qualify for his certification as a bilingual teacher.

I have found that Mr. Mulero approaches his assignments in a professional manner.  He willingly accepts any assignment.  He is an upbeat individual who always has a smile and a greeting for everyone.  He has done a fine job at Pulaski Middle School.

Respectfully,

Ernest R. Nocerino

 

New England Association of Schools and Colleges Accredited Member
Middle Grade School State Policy Initiative Systemic Change School

**THIS FORM SHOULD BE COMPLETED BY A CURRENT / FORMER EMPLOYER.**

**PLEASE PRINT OR TYPE:**

1. Name of Applicant: Felipe Mulero
2. Dates of Employment: From: 2001                To: 2002  Academic Year
3. Job Title(s): Spainsh Teacher/ Technology Ed.: Interim
   Interim: Bilingual Educator/ General Educator
4. Reason for Leaving: Still Employed

5. Would you rehire?  Yes  x                    No

   If not, please explain:

6. Please rate this person on each of the following characteristics:

|  | Unsatisfactory | Outstanding | Very Good | Satisfactory | Fair |
|---|---|---|---|---|---|
| Dependability |  | ✓ |  |  |  |
| Attendance & Punctuality |  | ✓ |  |  |  |
| Ability to work with co-workers |  |  | ✓ |  |  |
| Quality of Work |  |  | ✓ |  |  |
| Cooperation |  | ✓ |  |  |  |
| Ability to learn new tasks |  | ✓ |  |  |  |
| Judgement |  |  | ✓ |  |  |
| Computer Skills |  |  |  | ✓ |  |
| Ability to follow written &/or oral instructions |  | ✓ |  |  |  |

7. Additional Comments:

Name: Ernest R. Nocerino
Address: 757 Farmington Ave. New Britain, CT 06053
Title: Principal
Signature: Ernest R. Nocerino          Phone #: (860) 225-7665
Relationship to Applicant: School Principal/ Supervisor

Social Security Number:   0 4 9 - 6 8 - 5 9 2 3



# STATE OF CONNECTICUT
## DEPARTMENT OF EDUCATION



September 9, 2004

Irena J. Urbaniak, City Attorney
Office of the Corporation Counsel
City of New Britain
27 West Main Street
New Britain, CT  06051

Dear Ms. Urbaniak:

I am writing in response to your request under the Freedom of Information Act received in the Bureau of Educator Preparation, Certification, Support and Assessment on September 8, 2004, regarding the past and current status of Mr. Felipe L. Mulero.  Please be advised that our office does not retain copies of an individual's teaching certificates, but will provide a detailed listing of a person's certification history

Our records indicate the following certification history for Mr. Mulero:

- Interim Initial Educator Certificate endorsed for Trade Related Subjects in Vocational Technical Schools (#091), effective May 21, 1992, through May 20, 1993, issued with a deficiency for six semester hours of credit in teaching trade and industrial education, and a course in special education.  A cross-endorsement in Occupational Subjects in Vocational Technical Schools: Machine Drafting (#090), was added effective June 25, 1992.

- Provisional Educator Certificate endorsed for Trade Related Subjects in Vocational Technical Schools (#091) and Occupational Subjects in Vocational Technical Schools: Machine Drafting (#090), renewed effective May 21, 1993, through May 20, 2001.

- Professional Educator Certificate endorsed for Trade Related Subjects in Vocational Technical Schools (#091) and Occupational Subjects in Vocational Technical Schools: Machine Drafting (#090), effective March 1, 1996, through February 28, 2001.

- Professional Educator Certificate endorsed for Trade Related Subjects in Vocational Technical Schools (#091) and Occupational Subjects in Vocational Technical Schools: Machine Drafting (#090), renewed effective March 1, 2001, through February 28, 2006.

- Initial Educator Certificate endorsed for Vocational Technical School Administration (#082), effective May 21, 1999, through May 20, 2002.

- Nonrenewable Interim Initial Educator Certificate endorsed for Bilingual Education (#009), valid only for the New Britain Board of Education, effective September 13, 1999, through September 12, 2000, issued with a deficiency for three semester hours of credit in each of the following: foundations of bilingual education, and methods of teaching ESL.

Exhibit 11

ATTACHMENT    1)



# STATE OF CONNECTICUT
## DEPARTMENT OF EDUCATION



June 4, 2001

Mr. Felipe Mulreo
55 East Cedar Street
Newington, CT 06111

Dear Mr. Mulero:

You were placed on Administrative Leave with pay on October 2, 2000 pending an investigation of alleged misconduct on your part. You have remained in such status to the present.

During the investigation of your alleged misconduct other issues regarding your employment history with us were discovered. While the initial investigation is still open and will remain so, we scheduled a meeting with you on Tuesday, May 15, 2001 at the State Office Building in Hartford at 9:00 a.m. to discuss these other issues. You failed to attend this meeting. The meeting was rescheduled for Wednesday, May 23, 2001. In attendance at this meeting were yourself, and since you had waived union representation your Attorney Ms. Katrena Engstrom, and Richard Wilber and Ed Pierce of the State Department of Education.

An investigatory interview was conducted regarding your employment history. A recess was taken and Mr. Wilber and Mr. Pierce reviewed your responses to their questions. The meeting was reconvened and you were given a Loudermill hearing. You were told that Mr. Wilber and Mr. Pierce were going to recommend to me, your dismissal from state service as well as the revocation of your teaching certificate. You were given the opportunity to respond, and your attorney replied that based on her advice you would not do so. The results of this meeting are as follows:

## CHARGE #1 - YOU HAVE COMMITTED EMPLOYMENT RELATED MISCONDUCT.

Specifically, during the past four (4) years you have submitted applications for promotion to the positions of Assistant Director/Director. These applications contain misleading and untrue statements. On an application submitted by you dated July 21, 1998 to the question, "Do you have a valid driver's License?" You checked off "yes." To the question, "Have you ever been convicted of any crime?" You originally checked the "yes" box, whited that out and checked "no."

On April 7, 1999 you submitted an application in which you again checked the "yes" box in answer to the question regarding the possession of a valid driver's license. However, it appears that there is an erasure in the "no" box. You also responded "no" to the question regarding the conviction "of any crime?", and notated that the "motor vehicle has been dismissed", next to the response box.

*25 Industrial Park Road • Middletown, Connecticut 06457*

... applications state clearly on the first page that, "Misstatements of any kind on application or resume will invalidate your application, examination and subsequent appointment." On the bottom of the first page of each application it further states, "An applicant who fails to fully disclose convictions or pending criminal charges will have his/her application rejected or if employed will be dismissed."

On August 25, 2000 you submitted an application on which you responded "no" to the question. "Have you ever been convicted of a felony or any other criminal offense, either within or outside of the State of Connecticut?" You checked "yes" to holding a valid driver's license in the State of Connecticut. On April 1, 2001 you again on an application responded "no" to being convicted of criminal offense and you failed to answer the question regarding having a driver's license.

Both of these applications contain the following language on the signature page. " I hereby certify that all of the information stated herein in accurate, complete and true to the best of my belief. I understand and agree that a false or dishonest answer to any question or the omission of pertinent information may be grounds for immediate termination of my employment."

## CHARGE #2 – YOU DELIBERATELY VIOLATED A STATE REGULATION

Specifically, on October 31, 1996, February 10, 1997 and October 31, 1997 you submitted three (3) Applications For Special Permit To Operate A Motor Vehicle To And From Work to the State of Connecticut Department of Motor Vehicles. The applications contain false information as to hours of work as well as forged signatures. The first one dated October 31, 1996 for Prudential Connecticut Realty is signed by Mr. Robert Velardi. Mr. Velardi has stated that the signature on this document is not his signature and that in fact you never worked for him or his firm during his tenure as manager.

The next two dated February 10 and October 31, 1997 are signed by Mr. Thomas Serra, Assistant Director, Vinal, Regional Vocational-Technical School System. Mr. Serra has sworn emphatically that it is not his signature on these two (2) applications and that he never viewed these documents until shown them by Bureau of Human Resources on November 30, 2000. In response to your application of February 10, you did in fact receive a work permit for the period of April 18, 1997 thru June 11, 1997.

Each of the applications for a work permit contained the following oath, "I swear or affirm under penalty of false statement in accordance with Connecticut General Statutes 53a-157, and subject to penalties for perjury for a deliberate false statement, that the above information is true and correct."

CGS 53a-157 has been transferred to Section 53a-157b which states in part, "A person is guilty of false statement in the second degree when he intentionally makes a false written statement under oath or pursuant to a form bearing notice, authorized by law, to the effect that false statements made therein are punishable, which he does not believe to be true and which statement is intended to mislead a public servant in the performance of his official function."

Mr. Mulero in reviewing your responses to the questions asked of you I find your answers to be at times less than credible and at other times false. Your response that you answered "yes" to having a valid drivers license because of your work permit is less than candid. You were issued one (1) work permit from April 18, 1997 thru June 11, 1997. Your applications for promotion were for the years 1998, 1999, 2000, and 2001. Plus by your own admission your license will not be returned to you until June 6, 2002.

Your response that you were not convicted of a crime and that the charges against you were dismissed rings untrue when on June 4, 1997 you were fined $500 and sentenced to two (2) concurrent 30 day periods of imprisonment at the Hartford Correctional Center.

However, your most incredulous response is that you merely signed the three (3) work permits, filled out nothing on the forms, and have no idea who completed them or signed for Mr. Velardi and Mr. Serra. This in spite of the fact that the printing appears consistent on each form, there are declaratory statements as to why you need the work permits, and that you are the only one who would benefit from the issuance of said work permits.

Mr. Mulero based on the above I find that your dismissal is warranted and intend to request revocation of your teaching certificate. With this letter I am requesting that your Business Manager mail you all information regarding your medical coverage under COBRA. If you have any personnel items at school, please contact Ed Pierce for their return.

Your dismissal is effective the date of this letter.

You may appeal this action under Article 13 of your Collective Bargaining Agreement.

Sincerely,

Dominic Spera, Superintendent
Vocational-Technical School System

EP/dmp

CC: Ceferino Lugo, Assistant Superintendent
Silas Shannon, Director, A.I. Prince RVTS
Richard Wilber, Personnel Administrator
Edward Pierce, Education Principal Labor Relations Specialist
Aaron Silvia, President, SVFT
Edward Lang, Executive Building Representative.
File

SUPERIOR COURT

~CR-64   Rev. 5-89
PR. BK.593, 593a, 594
GEN. STAT. 54-2a

Page 7

| NAME AND RESIDENCE (Town) OF ACCUSED | COURT TO BE HELD AT (Town) | G.A. No |
|---|---|---|
| Mulero, Felipe  55 East Cedar Street, Newington, CT | New Britain | 15 |

## APPLICATION FOR ARREST WARRANT

TO: A Judge of the Superior Court

The undersigned hereby applies for a warrant for the arrest of the above-named accused on the basis of the facts set fo
in the . . .

[x] affidavit(s) below    [ ] affidavit(s) attached

| DATE & SIGNATURE | DATE  5/15/02 | SIGNED (Prosecutorial Official) |
|---|---|---|

## AFFIDAVIT

The undersigned, being duly sworn, deposes and says:

16.  That the samples were brought to the Forensic Laboratory in Meriden, so that they could b
compared to the signatures on the questioned documents.  On 1/15/02 the affiant was
contacted by the Forensic Laboratory and advised that there was difficulty in obtaining a cle
analysis as it appears that Mulero may have been attempting to disguise his writing.  The
examiners requested further materials to compare to the questioned documents.  On 1/17/0
the affiant obtained several other writing samples from Ed Pierce of the Department of
Education.  Those items were brought to the lab to be included in the comparison.

17.  That on 2/25/02 the affiant received the results of the examination.  The examination
revealed the following:  (1) that Robert Velardi is not the author of one of the questioned
documents (2) that Mulero cannot be determined to be the author of the signature on the
Velardi questioned document, however he cannot be eliminated as it is noted persons can
possess several writing styles, especially when attempting to disguise their writing (3) that
Thomas Serra was not the author of one of the questioned documents (4) that Mulero cann
be determined to be the author of the signature on the Serra questioned documents, howe
he cannot be eliminated as it is noted persons can possess several writing styles, especial
when attempting to disguise their writing (5) that it is highly probable that Mulero was the
author of the handwritten information related on the questioned documents.

18.  That based upon the above listed facts and circumstances the affiant believes that proba
cause exists that Felipe Mulero (DOB: 1/3/66) of 55 East Cedar Street in Newington,
Connecticut, did commit three counts of the crime of Forgery in the First Degree violating

| DATE & SIGNATURE | DATE  4/26/02 | SIGNED (Affiant)  TPI |
|---|---|---|
| JURAT | SUBSCRIBED AND SWORN TO BEFORE ME ON (Date)  April 26, 2002 | SIGNED (Judge, Clerk, Comm. Sup. Ct., Notary Pub.)  Sergeant  CSP-CDMC |

## FINDING

The foregoing Application for an arrest warrant, and affidavit(s) attached to said Application, having been
submitted to and considered by the undersigned, the undersigned finds from said affidavit(s) that there is
probable cause to believe that an offense has been committed and that the accused committed it and, there
that probable cause exists for the issuance of a warrant for the arrest of the above-named accused.

| DATE & SIGNATURE | DATE  5-3-02 | SIGNED (A Judge of the Superior Court) |
|---|---|---|

(OVER)