UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| FELIPE MULERO | : | |
|     Plaintiff | : | |
| | : | Case No. 3:02CV932 (CFD) |
| v. | : | |
| | : | |
| ONE CONSOLIDATED SCHOOL | : | |
| DISTRICT OF NEW BRITAIN, CT | : | |
|     Defendant | : | August 1, 2007 |

DEFENDANT'S RESPONSE TO
PLAINTIFF'S REPLY

The defendant, One Consolidated School District of New Britain, CT respectfully submits this response to plaintiff's "Reply Response to Motion to Reopen Case No.3:02CV932(CFD)". Plaintiff in his reply continues to fail to cite the applicable rule under which he alleges the matter should be re-opened. His request to re-open is untimely and does not demonstrate an excusable neglect or other grounds for relief. The defendant is obligated to reply to plaintiff's response based on the allegations and accusations made by plaintiff is his memorandum.

The defendant has at no time made any representation that they are physicians. The defendant in her response to the

Motion to Reopen stated that the plaintiff had failed to produce documentation and or substantiation regarding his health claim and had omitted the fact that he was incarcerated during the time in question.  At no time did the defendant diagnose the plaintiff's mental or physical condition.

It is the plaintiff and not the defendant who continues to manipulate and make misrepresentations to the court.  The plaintiff in the Motion to Re-open dated July 2, 2007, stated: ". . . I have become ill as previously stated through the case.  I became unable to respond due to my incapacitation of which I have no medical insurance to receive qualified medical attention . . .".  In the Reply Response dated July 30, 2007, the plaintiff has now admitted to medical and mental care.  He wrote:  "[o]n 9/16/06 I was admitted to medical care and my mental health was moved to a level four.  Under the care of APRN Leah Cressotti on 9/16/06; I remained under her psychiatric care until 1/25/07 . . .".  Within twenty eight days, the plaintiff has presented two different written representations to the court.

The plaintiff is once again misleading the court in regards to his certification as a bilingual educator and the representations which had been made by defense counsel in open court on September 3, 2004. The state of Connecticut had issued Mr. Mulero, the plaintiff, a nonrenewable interim initial educator certificate endorsed in bilingual education, valid only for the New Britain Board of Education, effective September 13, 1999 through September 12, 2000. (See Exhibit 1.) The plaintiff was at no other time certified as a bilingual educator in the State of Connecticut. During the time periods the plaintiff applied for a bilingual teaching position with the defendant, the plaintiff was not certified to teach bilingual students. Please note that plaintiff has not provided documentation of the Connecticut Bilingual certification he alleges to possess. The certificates provided are valid only for the State of New York.

For all the reasons set forth in Defendant's Memorandum in Opposition To Plaintiff's Request To Re-Open Lawsuit dated

July 19, 2007, and in this memorandum, the defendant respectfully requests the court deny plaintiff's motion to re-open.

>DEFENDANT, ONE CONSOLIDATED SCHOOL
>DISTRICT OF NEW BRITAIN, CT
>
>By Office of Corporation Counsel
>
>_____
>Irena J. Urbaniak
>Attorney for Defendant
>Office of Corporation Counsel
>City of New Britain
>27 West Main Street
>New Britain, Connecticut 06051
>Tel. (860) 826-3420
>Fax  (860) 826-3397
>iurbaniak@ch.ci.new-britain.ct.us
>Federal Bar Number ct01322

## CERTIFICATION

I hereby certify that on August 1, 2007, a copy of the above was mailed to the pro se plaintiff:

>Felipe Mulero
>81 Market Square, Suite 1
>Newington, Connecticut 06111-2919

>_____
>Irena J. Urbaniak
>Attorney at Law