*UNITED STATES DISTRICT COURT*
*DISTRICT OF CONNECTICUT*

FELIPE MULERO
    PLAINTIFF                                              : Case No. 3:02CV932 (CFD)

V.

ONE CONSOLIDATED SCHOOL
DISTRICT OF NEW BRITAIN, CT:                  December 26, 2007
    DEFENDANT

### Reply Response to Defendant's Response To Plaintiff's Motion to Disclose all Employment and Medical Doctors

Now Comes the Plaintiff to Cross Examine the Defendant's Response To Plaintiff's 12/2/07 Motion to Disclose all employment and Medical Doctors …….. Defendant's Response to Plaintiff Reply in order to RE-OPEN MY CASE is CITED Under American for Disability Act right to have accommodations under Federal Law as a Pro-Se Plaintiff with a disability. The Defendant has HERSELF a Co-counsel on file which allows her to be out sick as was exercised when Attorney Irena J. Urbanick did become sick during this very case and was not able to respond to my various motions filed THUS AS A RESULT the defendant's Co-Defendant responded in her place while she was incapacitated. I as a American with a clear mental Disability VIA MY MEDICAL HISTROY AS I HAVE MADE IT KNOWN THROUGH OUT THIS CASE. PER MEDICAL DOCUMENTATION I document I have a need for accommodations to

be made UNDER AFDA procedural rules/ LAWS SO when I become sick especially when I made it known to the Courts throughout the case that I AM mentally sick, Depressed, Under Duress, WITH ANXIETY DISORDER and was found under Psychiatric care as documented per A.P.R.N Nurse Leach who's care I was under while and when the case was CLOSED OUT ON 12-20-2006 AGAINST THE ONE CONSOLIDATED SCHOOL DISTRICT WHICH ENGANGES IN UNFAIR LABOR PRACTICE, DISCRIMINATION & RETALIATION, CONTINUING TO DO SO TO THE PRESENT. I have responded as a Pro-SE Plaintiff when I felt I could defend myself as soon as I was able to respond under AFDA accommodation procedural rules I ASK FOR ACCOMMONDATION. Mental Illness is protected Under AFDA and I RESPONDED within a reasonable time period considering I am Mentally Ill and Pro-se. I need appropriate accommodations to be accommodated for my mental illness. The relief for damages is clear. I want my back pay for the all the years my application was on file and I applied and illegally passed up while the Defendant continues to hire Unqualified and Uncertified Permanent Substitutes while I was and am ready/ willing and able to work as a Full time Certified Bilingual Educator serving/ Educating a Protected Class Bilingual Population Pre-K-12. I want all my back pay-and punitive damages as well as interest since 1999-present as the employer continues to discriminate on to the present for damage relief and my job back with accommodations UNDER AFDA. I have already claimed damages back on February 23, 2005 in a previous motion as follows.

Now Comes the Plaintiff to **ESTABLISH damages** and **relief** caused by the illegal labor practices brought on by the One Consolidated School District of New Britain over the years which I have already motioned the court on February 23, 2005 with the following:

**MOTION TO REINSTATE PLAINTIFF AS A TENURED 9TH STEP BILINGUAL**

# EDUCATOR WITH BACK PAY (INTEREST ACCRUED), PAST RETIREMENT BENEFIT CREDITED, TUITION REIMBURSEMENT & PUNITIVE DAMAGES.

1. The Plaintiff had made several attempts at One Consolidated School District of New Britain to be hired but time after time the Plaintiff was passed up for hire by less qualified candidates year after year after year since 1999 and less qualified candidates and some uncertified female candidates filled those positions to teach the Bilingual students such as in the 1999-2000 6th grade Pulaski Middle Bilingual class.

2. I was fired me for no reason in 2001-2002 academic after I was recommended by a Principal: Ernest Nocerino at Pulaski Middle School who hired me and allowed me to successfully complete the Alternate Route to Teacher Certification at his School that same year. This Principal was also fired soon after to insure that I would not be hired again at the One Consolidated School District of New Britain.

3. The Defendant made several false statements to deceive a Federal Judge at the Plaintiff expense claiming the Plaintiff was not properly qualified/ certified to teach and the Defendant requested extensions as well as fabricated another untrue statement that the Plaintiff had allowed the time to file his discrimination

complaint to expire at a Sept. 3, 2004 Motion for Summary Judgment Hearing. The Defendants Interrogatories were also frivolous and meaningless to further delay a Federal Judicial process.

4. The extension was based on several untrue frivolous statements made to a Federal Judge to lure the court into granting an extension concerning the Plaintiff qualifications/ certifications. The Defendant has demonstrated little respect for Justice and is making a mockery of the Federal Court Judicial Proceeding. This constitutes a clear misrepresentation before a Federal Judge to lure the Court into a deceptive tactic in granting an extension in the First Place.

5. I am properly certified to teach in the State of Connecticut and the State of New York where I certified as a Principal, School Superintendent and a School Business Administrator with several years of teaching experience. It is insulting to be demeaned and told I am not even qualified to teach Bilingual Education Pre-K-12 at the expense of a lie before a Federal Judge all to camouflage and delay a Federal Judicial proceeding.

6. These outrageous acts are a blatant disrespect for the law by the Defendant to deceive a Federal Judge, which constitutes a clear misrepresentation and an act of making a mockery of Justice. These acts should be penalized. I ask the court to deny the Defendant right to have a Summary Judgment because the nature of the Defendant arguments are done under false statements designed to deceive the court and delay the court proceeding. The Defendant should not be allowed

to continue in a meaningless rampage at the expense of the Plaintiff who is without an income, suffering from ongoing emotional distress, and depression while being denied a livelihood.

7. Less qualified candidates were hired to fill the positions since 1999 at my expense of no income and now I want justice. The following are my damages:

Damages:
| | | |
|---|---|---|
| 1999-2000 | Step 7 | $65,781 per contract |
| 2000-2001 | Step 8 | $70,381 per contract |
| 2001-2002 | Step 9 | $72,786 per contract |
| 2002-2003 | Step 9 | $76,288 per contract |
| 2003-2004 | Step 9 | $79,108 per contract |
| 2004-2005 | Step 9 | $80,792 per contract |
| 2005-2006 | Step 9 | $82,856 per contract |
| 2006-2007 | Step 9 | $84,956 per contract |
| 2007-2008 | Step 9 | $85,956 per contract |
| Interest Accrued at | | $86,124 |
| 1999-2005 Tuition Reimbursement | | $25,000 |
| Punitive Suffer in Mental Distress | | $300,000 |
| **Total Loss** | | $1,110,028     *END OF MOTION* |

I have tried to respond to the best of my mental ability as a Pro-Se Plaintiff with a stated disability throughout the case and I have a right under AFDA to ask for accommodations under Federal Law to defend myself as a Pro-SE American with a clearly documented disability against an employer who violates employment law even as recent as this very 2007-2008 academic year where I have once again applied on line for a July 22, 2007 Bilingual Elementary Educators position posted in the Hartford Courant. I was passed up once more although I am a certified Pre-K-12 Bilingual Applicant and have been certified in the pass as well. Does the Employer have a right to continue to break the Law when a Certified Bilingual Educator applies for a position to educate a Protected Class Population which is Protected Under Federal Law and founded by the Federal

Government? Bilingual Education is a Federally Founded mandated Education. Clearly the Defendant's Counsel: Attorney Irena J. Urbanick is not a Doctor and has no place to state I do not have a claim under AFDA nor does Attorney Irena J. Urbanick have the the right to state I was not sick nor able to respond when I became sick. I was in Psychiatric care during the time period in question. Obviously, I was ill/ under Psychiatric care with A.P.R.N Nurse Leach and I was not able nor capable to respond as a Pro-Se Plaintiff during the time period in question. See Attachment A-1

1. The Defendant is not a Doctor and cannot state inaccurate information concerning my health nor can the Defendant diagnose the Plaintiff's Mental Health nor Physical Condition because the Defendant is not a Doctor. On 9/16/06 I was admitted to medical care and my mental health was moved to a level four. Under the care of APRN Leah Cressotti on 9/19/06; I remained under her Psychiatric care until 1/25/07 and on watch until I was cleared on 2/7/07 per Medical Documentation Attachment A: A-1 & A-2 also see medical Documentation of Mental Illness History to understate AFDA in my Prior Reply Response to Motion to Reopen Case No. 3:02CV932 (CFD) reasoning to reopen and why it is so important to stop this employer from continuing to retaliate. Obviously I ask for relief of the time line due to my incapacitative mental health in which I had no control over and **A FEDERAL JUDGE HAS EVERY RIGHT TO ALLOW FOR ACCOMMODATIONS INVOLVING AN AMERICAN WITH A MENTAL DISABILITY PLAINTIFF UNDER AFDA**. As a result I became too ill to respond in a timely manner. The Location where I become ill is in material because there are many justly lawsuit being properly served and executed

from people who have come under the law unjustly. I simply ask full ACCOMMODATIONS to my incapacitative MENTAL health under the American For Disability Act. Time and time again I have been victorious and continued to pursue justice against this Employer until I became too ill to respond in a timely manner. I should be allowed to have my case re-open as the evidence clearly shows I was ill and under psychiatric care since 9/16/06-1/25/07 and cleared on 2/27/07 by psychiatric physicians A.P.R.N Leah Cressotti who took care of me as the State of Connecticut felt they needed to tend to my needs under the Law.

2. I ask that this case be reopened based on Americans For Disability Act (AFDA) Due to Continued Retaliation of the Defendant and its counsel who has blatantly mislead a Federal Court Judge and lied on Sept. 3, 2004 in open court concerning my ability to be certified as a Bilingual educator where I completed the student teaching satisfactory component in the Alternate Route to Teacher Certification II Program as recognized and instituted by the State of Connecticut Dept. of Teacher Certification at The Defendant's Pulaski Middle School and was fired by retaliator: Scott D. Macdonald, Human Resource Director, with no reason stated on May 9, 2002 See Attached B. After I completed the Alternate Route for Teacher Certification II Program at the Defendant's School: Pulaski Middle School, which recognizes a (009) teacher certification in Bilingual Education in the State of Connecticut. Also on Sept 3, 2004 I was certified in (107) Adult educator and was a certified educator at the time when a Federal Judge was

blatantly miss-lead and lied to by the Defendant counsel. Is it right and fair the Defendant to lie to a Federal Judge and then take advantage of the Plaintiff mental disposition / disability? Please refer to Defendant counsel: Defendant's Response to Plaintiff's Reply Exhibit 1 on second page first bullet. Also on that same second page of Defendant's Response to Plaintiff's Reply Exhibit 1; second bullet proves I am certifiable in (009) under the Alternate Route to Teacher Certification II because I was reissued a Temporary 90 certificate under the Alternate Route to Teacher Certification II without deficiencies. This clearly proves and the Defendant is clearly trying to once again miss-lead a Federal Judge with mis-information to circumvent the truth. I have continued to apply time and time again while the defendant continues to take advantage my protected class basis both as a AFDA and my Puerto Rican race to which I have a right to teach. The Defendant Lied on September 3, 2004 before a Federal Judge concerning my qualifications.

3. The Defendant Counsel continues to lie to the present while courageously protecting the One Consolidated School District of New Britain from misappropriating Federally Founded Grants for Bilingual Education Students whom I have a right to teach and by hiring unqualified and uncertifiable female long term substitute teacher claiming there were no eligible nor available certifiable teachers to teach this protected class of student. These student rights as well as my own right to teach them do not even measure up to the Brown V. Board of Education where separate but equal does not hold because the bilingually Federally Founded Protected Class Population is not even afforded the

Right of a Fair and Equal Education under the Least Restrictive Learning Environment since they are not being taught by a certified bilingual educator. These children are all being LEFT BEHIND which is yet ANOTHER FEDERALLY FOUNDED PROGRAM: NO CHILD LEFT BEHIND ACT as a result of the UNFAIR LABOR PRACTICE, DISCRIMINATION & RETALIATION, And CONTINUING ON TO THE PRESENT.

4. Please be advised that the Defendant is an educational institution within the State of Connecticut and an agent of the State of Connecticut Department of Education and has been pursuing me in conjunction with State of Connecticut Department of Education / Dept. of teacher certification which is why she openly lied in Open Court on September 3, 2004 and assumed incorrectly stating that I was not certified nor certifiable as a bilingual educator trying to state that my Student teaching was not successful at Pulaski Middle School just after I was fired for no reason on May 9, 2002. Currently there is a case against the State of Connecticut Dept. of Education and have been in the past while this case has been on going. In May of 2005 Human Resource Director: Bill Coulture also refused to renew my application as a Bilingual Educator on file for the 2005-2006 academic year although I re-applied stating my Successful student teaching was not successful when in fact it was. In fact the Principal Ernest Norcerino had highly recommended me for hire & he was fired that same year as well. See Attachment B&C and certification at that time. I believe as a result of his support of my teaching excellence. The State of Connecticut had been retaliating against me as

well along with the Defendant the State of Connecticut had me arrested by there State Police and Unjustly Convicted in State Court by there State Judge because I was pursuing them in a Civil Federal Action at the time when they retaliated. The DEFENDANT ONCE AGAIN IS Miss-Leading the Court. I was unjustly convicted of ONE COUNT OF FORGERY 2nd which does not prohibit me from teaching or being certified as it pertain to a 10/31/097 Dept. of Motor Vehicle Limited Driver to and from Work Application Permit for a 1997 driving under suspension offense. See Attachment D. In Fact State of New York has continued to certify my teaching AND HAS UPDATED MY SCHOOL ADMI NISTRATOR/ SUPERVISORY AND DRAFT-ING TRECHNOLOGY. You may call Parole officer Dawson or Mills: (860) 297-4427 to verify the Defendants utter misrepresentation and Blatant misleading to circumvent the truth using the New Britain Police Department. I have only motor vehicle related crimes which does not restrict my ability to teach in schools.

5. The Defendant tries to site me to be Blatantly misleading a Federal Judge when in fact I was sick and in Psychiatric Care under APRN Leah Cressotti. I plainly stated through out this case that I am putting forth MY CASE Under Duress and Emotional dis-stress and Depressed in need of Medical Attention while the Defendant continues to retaliate and Deprive me of employment as well as the Federally Protected Class Bilingual Students in need of my services but having to settle for an unqualified & uncertified female substitute teachers to save the district money at the expense of this Federally Protected Class Population. This case does not even meet the Brown Vs. the Board of Education where these

Federally Funded Bilingual students are not even afforded a Separate but Equal Education. In fact the Defendant is depriving the Students as well as myself of our 13th Amendment Right to live in pursuit of happiness & learn in a least restrictive Free Public Education afforded by the Federal Government. The Children are being left behind. With yet another FED. Law being violated.

6. See Also the How the Defendant continues to ENGANGES IN UNFAIR LABOR PRACTICE, DISCRIMINATION, RETALIATION, and CONTINUING TO DO SO TO THE PRESENT. Attachment F.

7. I passed all Praxis requirements for the (009) Bilingual Educators Certification and continue to be certified as an educator in the State of New York. I was also DSAP Eligible to Teach Technology Education when I applied as well. See Attachment. G. In Fact I continue to apply on to the present July 22, 2007 advertisement & the Defendant continues to retaliate. Where does it end?

8. I have on several occasions been trying to settle the matter with the Defendant's Counsel Supervisor to no avail. This was very emotional and stressful which added to my on going Depression. See Attachment H. September 22, 2005 Letter.

9. I have completed the ARC II Program in Bilingual Education and I am a certified Bilingual Educator once The Consolidated School District of New Britain stops retaliating against me. See Attachment I

          Plaintiff, Pro Se'

          Felipe Mulero

*[signature]*

          Felipe Mulero, Plaintiff
          746 Prospect Street
          Wethersfield, CT 06109

Certification

I certify that a copy of this foregoing motion was sent to the Defendant's Counsel on DEC. 26, 2007 to Irena J. Urbaniak Office of Corporate Counsel, City of New Britain, Conn. 27 West Main Street, New Britain, Conn. 06051.

          Plaintiff, Pro Se'

          Felipe Mulero

*[signature]*

          Felipe Mulero, Plaintiff
          746 Prospect Street
          Wethersfield, CT 06109

Defendant's Response to PLAINTIFF's Reply

Exhibit 1
2nd Page
and Certification
offered as Proff
To Prove Evidense

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

FELIPE MULERO          :
    Plaintiff          :
                       :   Case No. 3:02CV932 (CFD)
v.                     :
                       :
ONE CONSOLIDATED SCHOOL :
DISTRICT OF NEW BRITAIN, CT :
    Defendant          :   August 1, 2007

DEFENDANT'S RESPONSE TO
PLAINTIFF'S REPLY

    The defendant, One Consolidated School District of New Britain, CT respectfully submits this response to plaintiff's "Reply Response to Motion to Reopen Case No.3:02CV932(CFD)". Plaintiff in his reply continues to fail to cite the applicable rule under which he alleges the matter should be re-opened. His request to re-open is untimely and does not demonstrate an excusable neglect or other grounds for relief. The defendant is obligated to reply to plaintiff's response based on the allegations and accusations made by plaintiff is his memorandum.

    The defendant has at no time made any representation that they are physicians. The defendant in her response to the

Motion to Reopen stated that the plaintiff had failed to produce documentation and or substantiation regarding his health claim and had omitted the fact that he was incarcerated during the time in question. At no time did the defendant diagnose the plaintiff's mental or physical condition.

It is the plaintiff and not the defendant who continues to manipulate and make misrepresentations to the court. The plaintiff in the Motion to Re-open dated July 2, 2007, stated: ". . . I have become ill as previously stated through the case. I became unable to respond due to my incapacitation of which I have no medical insurance to receive qualified medical attention . . .". In the Reply Response dated July 30, 2007, the plaintiff has now admitted to medical and mental care. He wrote: "[o]n 9/16/06 I was admitted to medical care and my mental health was moved to a level four. Under the care of APRN Leah Cressotti on 9/16/06; I remained under her psychiatric care until 1/25/07 . . .". Within twenty eight days, the plaintiff has presented two different written representations to the court.

-2-

The plaintiff is once again misleading the court in regards to his certification as a bilingual educator and the representations which had been made by defense counsel in open court on September 3, 2004. The state of Connecticut had issued Mr. Mulero, the plaintiff, a nonrenewable interim initial educator certificate endorsed in bilingual education, valid only for the New Britain Board of Education, effective September 13, 1999 through September 12, 2000. (See Exhibit 1.) The plaintiff was at no other time certified as a bilingual educator in the state of Connecticut. During the time periods the plaintiff applied for a bilingual teaching position with the defendant, the plaintiff was not certified to teach bilingual students. Please note that plaintiff has not provided documentation of the Connecticut Bilingual certification he alleges to possess. The certificates provided are valid only for the State of New York.

For all the reasons set forth in Defendant's Memorandum in Opposition To Plaintiff's Request To Re-Open Lawsuit dated

-3-

July 19, 2007, and in this memorandum, the defendant respectfully requests the court deny plaintiff's motion to re-open.

          DEFENDANT, ONE CONSOLIDATED SCHOOL
          DISTRICT OF NEW BRITAIN, CT

          By Office of Corporation Counsel

          _____
          Irena J. Urbaniak
          Attorney for Defendant
          Office of Corporation Counsel
          City of New Britain
          27 West Main Street
          New Britain, Connecticut 06051
          Tel. (860) 826-3420
          Fax  (860) 826-3397
          iurbaniak@ch.ci.new-britain.ct.us
          Federal Bar Number ct01322

## CERTIFICATION

I hereby certify that on August 1, 2007, a copy of the above was mailed to the pro se plaintiff:

Felipe Mulero
81 Market Square, Suite 1
Newington, Connecticut 06111-2919

          _____
          Irena J. Urbaniak
          Attorney at Law

-4-

# Exhibit 1

**2nd PAGE**

- ✓ Mr. Mulero was issued an initial educator certificate endorsed for external diploma programs/noncredit mandated programs (#107- adult education). This certificate was effective October 12, 1999, through October 11, 2000, and renewed effective October 12, 2000, through October 11, 2002, and October 12, 2002, through October 11, 2005.

- ✓ Mr. Mulero was issued a Temporary 90-Day certificate, endorsed in bilingual education, pre-kindergarten through grade 12 (#009), at the request of the Bridgeport Public Schools. This certificate was effective September 3, 2002, through January 27, 2003.

- On March 26, 2004, Mr. Mulero's professional educator certificate endorsed in trade-related subjects in vocational technical schools and occupational subjects in the vocational-technical schools: machine drafting was revoked by surrender. He formally surrendered this certificate to the State Department of Education on March 26, 2004.

- On September 23, 2005, Mr. Mulero submitted an application to renew an initial educator certificate endorsed in external diploma programs/noncredit mandated programs (#107- adult educations). This certificate was effective until October 11, 2005. The Bureau of Educator Preparation, Certification, Support and Assessment denied Mr. Mulero's request for a renewal of this certification on November 7, 2005. He was notified of this denial via certified letter dated December 14, 2005.

- On November 7, 2005, the Bureau of Educator Preparation, Certification, Support and Assessment denied Mr. Mulero's applications requesting endorsements in vocational-technical school administration (#082), marketing education (formerly distributive education #104), administration or supervision (#092), and superintendent of schools (#093). He was notified of this denial via certified letter dated December 14, 2005.

With regard to your request for any report which resulted from the investigation, enclosed please find a copy of the "Review and Recommendation for Certification Issuance of Denial" form. We also have included a copy of a letter dated December 14, 2005, sent to Mr. Mulero outlining the reasons for the denial of certification.

If you have any questions concerning this information, please do not hesitate to contact me at (860) 713-6708.

Sincerely,

*Nancy L. Pugliese*

Nancy L. Pugliese, J.D., Chief
Bureau of Educator Preparation,
Certification, Support and Assessment

NLP:kd

Enc: Review and Recommendation for Certification Issuance of Denial form for Mr. Mulero
     Mulero correspondence dated December 14, 2005

- Initial Educator Certificate endorsed for External Diploma Programs/Noncredit Mandated Programs (#107- adult education), effective October 12, 1999, through October 11, 2000.

- Initial Educator Certificate endorsed for External Diploma Programs/Noncredit Mandated Programs (#107-adult education), renewed effective October 12, 2000, through October 11, 2002.

- Initial Educator Certificate endorsed for External Diploma Programs/Noncredit Mandated Programs (#107-adult education), renewed effective October 12, 2002, through October 11, 2005.

- Temporary 90-Day Certificate, endorsed for Bilingual Education, Pre-Kindergarten through grade 12 (#009), at the request of the Bridgeport Public Schools, effective September 3, 2002, through January 27, 2003.

- March 26, 2004, Mr. Mulero's Professional Educator Certificate endorsed for Trade Related Subjects in Vocational Technical Schools (#091) and Occupational Subjects in the Vocational Technical Schools: Machine Drafting (#090), was revoked by surrender. He formally surrendered this certificate to the State Department of Education on March 26, 2004.

- Initial Educator Certificate endorsed for External Diploma Programs/Noncredit Mandated Programs (#107- adult education), effective October 12, 2002 through October 11, 2005. An investigation is currently pending based on a request for certificate revocation filed by the Connecticut Vocational-Technical School System on January 21, 2004.

Mr. Mulero has applications pending for the renewal of the endorsement for Vocational Technical School Administration (#082), and new endorsements in Marketing Education (#089), Intermediate Administration or Supervision (#092), and Superintendent of Schools (#093).

If you have any questions, please feel free to contact me by e-mail at nancy.pugliese@po.state.ct.us, in writing, or by fax at (860) 713-7016.

Sincerely,

Nancy L. Pugliese, J.D., Chief
Bureau of Educator Preparation, Certification,
  Support and Assessment

NLP:kdh

cc: Legal Office
    FOI File