UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| FELIPE MULERO | : |
|     Plaintiff | : |
| | :    Case No. 3:02CV932 (CFD) |
| v. | : |
| | : |
| ONE CONSOLIDATED SCHOOL | : |
| DISTRICT OF NEW BRITAIN, CT | : |
|     Defendant | :    March 13, 2008 |

MEMORANDUM IN OPPOSITION TO
PLAINTIFF'S MOTION FOR RECONSIDERATION

The defendant, Consolidated School District, respectfully submits this memorandum in opposition to plaintiff's Motion for Reconsideration court's ruling dated February 27, 2008, based on the following:

A.    THE MOTION IS NOT BASED ON NEWLY DISCOVERED EVIDENCE.

The Federal Rules of Civil Procedure do not expressly recognize motions for "reconsideraion". Computeried Thermal Imaging Inc. v. Bloomberg, L.P., 312 F.3d 1292, 1296 n.3 (10th Cir. 2002); Bass v. United States Dep't of Agriculture, 2121 F.3d 959, 962 (5th Cir. 2000).

Motions for "reconsideration" will not be granted absent "highly unusual 'circumstances'". Becker v. Westinghouse Savannah River Co., 305 F.3d 284, 290 (4th Cir. (2002)(simple disagreement with the court's ruling will not support Rule 59(e) relief). Such motions do not provide litigants with an opportunity or a "second bite at the apple". Jennings v. Rivers, 394 .3d 850, 855 (10th Cir. 2005). Motions for reconsideration are not vehicles for relitigating old issues. Cochran v. Quest Software, Inc., 328 F.3d 1, 11 (1st Cir. 2003). Nor are they motions for "initial considerations". National Ecological Found. v. Alexander, 496 F.3d 466, 477 (6th Cir. 2007).

The standard for granting a motion for reconsideration is strict. Shrader v. CSX Trnsp., Inc, 70 F.3d. 255, 257 (2d. 1995). Such a motion "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked-matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Id. A "motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." Id.

Plaintiff's arguments in his motion for reconsideration are identical to the arguments he had made in his motion to reopen and for that reason his motion for reconsideration should be denied. Plaintiff is attempting to get a second bite of the apple by relitigating old issues.

B.   CONCLUSION

For all the foregoing reasons, the defendant respectfully requests that Plaintiff's Motion for Reconsideration be denied.

> DEFENDANT, ONE CONSOLIDATED SCHOOL
> DISTRICT OF NEW BRITAIN, CT
>
> By Office of Corporation Counsel
>
>
> _____
> Irena J. Urbaniak
> Attorney for Defendant
> Office of Corporation Counsel
> City of New Britain
> 27 West Main Street
> New Britain, Connecticut 06051
> Tel. (860) 826-3420
> Fax  (860) 826-3397
> iurbaniak@ch.ci.new-britain.ct.us
> Federal Bar Number ct01322

CERTIFICATION

I hereby certify that on March 13, 2008, a copy of the above was mailed to the pro se plaintiff:

Felipe Mulero
746 Prospect Street
Wethersfield, Connecticut 06109

Irena J. Urbaniak
Attorney at Law