UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FELIPE MULERO
    PLAINTIFF

: Case No. 3:02CV932 (CFD)

V.

ONE CONSOLIDATED SCHOOL
DISTRICT OF NEW BRITAIN, CT:
    DEFENDANT

March 20, 2008

**Motion For Reconsideration Under ADA Title II accommodation protection clause in seeking services for *Motion For Appointment of Counsel* in my defense in disclosing information as a Mentally ill Pro Se Attorney as allowed by the Federal Court to demonstrate the likely merit: To stop & prevent further on going discrimination conspiracy & An appointed counsel will disclose the necessary information to move the case for-ward as was done in case: 3:07cv1206 (PCD) where a federal Judge has done see attachment 1. I only ask for due process to prove my case with counsel.**

*THE PLAINTIFF HAS CLEARLY PROVIDED* MEDICAL *DOCUMENTATION IN THE COMPLAINT by* THE PLAINTIFF *to the best of may ability* WHICH PROVIDES EVIDENCE TO THE FEDERAL JUDGE UNDER ADA TITLE II-2.5000 A RECORD OF A MENTAL & EMOTIONAL IMPAIRMENT THAT SUBSTIALLY LIMITED A MAJOR LIFE ACTIVITY. **IT IS UNDER THAT LAW WHEREBY THE JUDGE HAS EVERY JURISDICTIONAL RIGHT TO ALLOW FOR ACCOMODATIONS FOR AN AMERICAN WITH A MENTAL DISABILITY WHICH I HAVE ENCOUNTERED DUE TO REPEATED RETALIATION FROM THE DEFENDANT WHO IS WELL UNDER THE FEDERAL JURSDICTIONAL POWER BECAUSE THEY RECEIVE FEDERAL FOUNDING. In addiction Subtitle A of Title II is intended to protect qualified individuals with disabilities in services, programs, courts and or activities of all state and local governments and extends the prohibition of discrimination on the basis of disabilities established by section 504 of the Rehabilitation Act 0f 1973 to all activities of state and local government. By the law the Department of Justice's title II regulation adopts the general prohibition of discrimination establish under section 504 and incorporates specific prohibition of discrimination from the ADA. This allows the Federal Judges jurisdictional powers for *Accommodations For Appointment of Counsel*. Plaintiff is Pro-Se and suffers from mental disability especially when the defendant under the Federal Jurisdiction blatantly discriminates and breaks the law while taking advantages of the Plaintiff Disability brought on by the defendants bulling tactics.**

**The Defendant continues to commit employment discrimination even to this date & conspires with the State of Conn. Dept. when I applied for employment during the 2007-2008 academic year. That's why on 9/3/04 Defendant Counsel lied about my teaching certification even while it was still active before the judge. I will prove the conviction is false and win at trial once the State of Conn. Is brought to Justice.**

Now Comes the Plaintiff to Cross Examine the Defendant's Response To Plaintiff's 12/2/07 Motion to Disclose all employment and Medical Doctors …….. Defendant's Response to Plaintiff Reply in order to RE-OPEN MY CASE is CITED Under American for Disability Act right to have accommodations under Federal Law as a Pro-Se Plaintiff with a disability. The Defendant has HERSELF a Co-counsel on file which allows her to be out sick as was exercised when Attorney Irena J. Urbanick did become sick during this very case and was not able to respond to my various motions filed THUS AS A RESULT the defendant's Co-Defendant responded in her place while she was incapacitated. I as a American with a clear mental Disability VIA MY MEDICAL HISTROY AS I HAVE MADE IT KNOWN THROUGH OUT THIS CASE. PER MEDICAL DOCUMENTATION I document I have a need for accommodations to be made UNDER AFDA procedural rules/ LAWS SO when I become sick especially when I made it known to the Courts throughout the case that I AM mentally sick, Depressed, Under Duress, WITH ANXIETY DISORDER and was found under Psychiatric care as documented per A.P.R.N Nurse Leach who's care I was under while and when the case was CLOSED OUT ON 12-20-2006 AGAINST THE ONE CONSOLIDATED SCHOOL DISTRICT WHICH ENGANGES IN UNFAIR LABOR PRACTICE, DISCRIMINATION & RETALIATION, CONTINUING TO DO SO TO THE PRESENT. I have responded as a Pro-SE Plaintiff when I felt I could defend myself as soon as I was able to respond under AFDA accommodation procedural rules I ASK FOR ACCOMMONDATION *For Appointment of Counsel to re-open case and proceed*

*under Appointment of Counsel.* Mental Illness is protected Under AFDA and I RESPONDED within a reasonable time period considering I am Mentally Ill and Pro-se. I need appropriate accommodations to be accommodated for my mental illness. The relief for damages is clear. I want my back pay for the all the years my application was on file and I applied and was illegally passed up while the Defendant continues to hire Unqualified and Uncertified Permanent Substitutes while I was and am ready/ willing and able to work as a Full time Certified Bilingual Educator serving/ Educating a Protected Class Bilingual Population Pre-K-12. I seek services *For Appointment of Counsel* to defend all my back pay-and punitive damages as well as interest since 1999-present as the employer continues to discriminate on to the present for damage relief and my job back with accommodations UNDER AFDA. I have already claimed damages back on February 23, 2005 in a previous motion as follows. Now Comes the Plaintiff to **ESTABLISH damages** and **relief** caused by the illegal labor practices brought on by the One Consolidated School District of New Britain over the years which I have already motioned the court on February 23, 2005 with the following: **TO REINSTATE PLAINTIFF AS A TENURED 9TH STEP BILINGUAL EDUCATOR WITH BACK PAY (INTEREST ACCRUED), PAST RETIREMENT BENEFIT CREDITED, TUITION REIMBURSEMENT & PUNITIVE DAMAGES.**

       The following are my damages:
```
1999-2000        Step 7         $65,781  per contract
2000-2001        Step 8         $70,381  per contract
2001-2002        Step 9         $72,786  per contract
2002-2003        Step 9         $76,288  per contract
2003-2004        Step 9         $79,108  per contract
2004-2005        Step 9         $80, 792 per contract
2005-2006        Step 9         $82,856  per contract
2006-2007        Step 9         $84,956  per contract
2007-2008        Step 9         $85,956  per contract
Interest Accrued at             $86,124
1999-2005 Tuition Reimbursement $25,000
```

Punitive Suffer in Mental Distress    $300,000
      **Total Loss**    $1,110,028

                 Plaintiff, Pro Se'

                 Felipe Mulero

                 Felipe Mulero, Plaintiff
                 746 Prospect Street
                 Wethersfield, CT 06109

          Certification

I certify that a copy of this foregoing motion was sent to the Defendant's Counsel on

March 20, 2008 to Irena J. Urbaniak Office of Corporate Counsel, City of New Britain,

Conn. 27 West Main Street, New Britain, Conn. 06051.

                 Plaintiff, Pro Se'

                 Felipe Mulero

                 Felipe Mulero, Plaintiff
                 746 Prospect Street
                 Wethersfield, CT 06109

See 1

# Hurwitz Sagarin Slossberg & Knuff LLC



LAW OFFICES
147 North Broad Street
P.O. Box 112
Milford, CT 06460-0112
T: 203.877.8000
F: 203.878.9800
hssklaw.com

March 14, 2008

Felipe Mulero
746 Prospect Street
Wethersfield, CT 06109

Re:  Mulero v. Bridgeport Board of Education
     3:07cv1206 (PCD)

Dear Mr. Mulero:

We have recently been appointed as your pro bono counsel in the above referenced litigation with respect to an upcoming evidentiary hearing on defendant's Motion to Dismiss. We attempted to contact you at the phone number you provided to the Court, but the number is currently out of service. Please contact me at your earliest convenience so that we can discuss your case.

Very truly yours,

BRIAN J. WHEELIN

BJW/brf